# NOS. 12-13-00232-CR
# 12-13-00233-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JORGE CUEVAS,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jorge Cuevas appeals his convictions for aggravated sexual assault of a child (cause number 12-13-00232-CR) and tampering with a governmental record (cause number 12-13-00233-CR). He raises two issues on appeal relating to the imposition of court costs. We affirm.

## BACKGROUND

Appellant was charged by indictment with the felony offenses of aggravated sexual assault of a child and tampering with a governmental record. He pleaded guilty to both offenses with no agreement on punishment. After a hearing, the trial court found Appellant guilty of both offenses. As punishment, the trial court assessed twenty years of imprisonment in the aggravated sexual assault of a child case, and five years of imprisonment with a $2,000.00 fine in the tampering with a governmental record case. The Texas Court of Criminal Appeals granted Appellant an out-of-time appeal for both cases, and these appeals followed.[1]

---

[1] *See **Ex parte Cuevas**,* Nos. WR-78751-01, WR-78751-02, 2013 WL 2285492, at *1 (Tex. Crim. App. May 22, 3013) (op., not designated for publication).

## COURT COSTS

In his first and second issues, Appellant contends that (1) the trial court erred in imposing court costs not supported by the statutorily required bill of costs, and (2) there is legally insufficient evidence for the trial court to assess court costs in either case. We address Appellant's issues together.

### Standard of Review and Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at \*2 (Tex. Crim. App. Feb. 26, 2014) (citations omitted). Thus, when the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the cost, not to determine if there is sufficient evidence offered at trial to prove each cost. *Id.* The traditional *Jackson v. Virginia* evidentiary sufficiency principles do not apply. *Id.*[2]

If the record on appeal does not include a bill of costs, one can be prepared and added to the record in a supplemental clerk's record. *Id.* at \*4. A convicted defendant has constructive notice of mandatory court costs set by statute and may object to the assessment of costs against him for the first time on appeal or in a proceeding under article 103.008 of the Texas Code of Criminal Procedure. *Id.* at \*2; *see also Cardenas v. State*, No. PD-0733-13, 2014 WL 714734, at \*2 (Tex. Crim. App. Feb. 26, 2014) (citations omitted). A specific amount of court costs need not be supported by a bill of costs in the appellate record for the reviewing court to conclude that the assessed court costs are supported by facts in the record. *Johnson*, 2014 WL 714736, at \*7. But the use of a bill of costs is the most expedient and preferable method to review the assessment of court costs. *Id.*

### Discussion

After Appellant filed his briefs, the record was supplemented in each case with a bill of costs. The amounts reflected in the bill of costs for each case correspond with the costs reflected in each judgment. Appellant does not challenge a specific cost or basis for the assessment of a particular cost. Absent such a challenge, the bill of costs is sufficient to support the assessed costs in each case. *See Johnson*, 2014 WL 714736, at \*8. We overrule Appellant's first and second issues.

---

[2] *See Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial court in each case.

**SAM GRIFFITH**
Justice

Opinion delivered April 10, 2014.
*Panel Consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 10, 2014**

**NO. 12-13-00232-CR**

**JORGE CUEVAS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-2780-06)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 10, 2014**

**NO. 12-13-00233-CR**

**JORGE CUEVAS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0676-07)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*