# NO. 12-13-00255-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDWARD KIM RENDELL, APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION

Edward Rendell appeals the trial court's order revoking his community supervision. He raises two issues on appeal relating to the imposition of court costs. We affirm.

### BACKGROUND

Appellant was charged by indictment with the felony offense of tampering with physical evidence. Pursuant to a plea bargain, Appellant pleaded guilty to the offense and was placed on community supervision for a period of six years. The State filed an application to revoke Appellant's community supervision to which Appellant pleaded true. The trial court found the allegations in the State's application true and sentenced Appellant to seven years of imprisonment. This appeal followed.

### COURT COSTS

In his first and second issues, Appellant contends that (1) the trial court erred in imposing court costs not supported by the statutorily required bill of costs, and (2) there is legally insufficient evidence for the trial court to assess court costs. We address Appellant's issues together.

**Standard of Review and Applicable Law**

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Johnson v. State***, No. PD-0193-13, 2014 WL 714736, at \*2 (Tex. Crim. App. Feb. 26, 2014) (citations omitted). Thus,

when the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the cost, not to determine if there is sufficient evidence offered at trial to prove each cost. *Id.* The traditional *Jackson v. Virginia* evidentiary sufficiency principles do not apply. *Id.*[1]

If the record on appeal does not include a bill of costs, a bill of costs can be prepared and added to the record in a supplemental clerk's record. *Id.* at *4. A convicted defendant has constructive notice of mandatory court costs set by statute and may object to the assessment of costs against him for the first time on appeal or in a proceeding under article 103.008 of the Texas Code of Criminal Procedure. *Id.* at *2; *see also* *Cardenas v. State*, No. PD-0733-13, 2014 WL 714734, at *2 (Tex. Crim. App. Feb. 26, 2014) (citations omitted). A specific amount of court costs need not be supported by a bill of costs in the appellate record for the reviewing court to conclude that the assessed court costs are supported by facts in the record. *Johnson*, 2014 WL 714736, at *7. But the use of a bill of costs is the most expedient and preferable method to review the assessment of court costs. *Id.*

## Discussion

After Appellant filed his brief, the record was supplemented with a bill of costs. The amount reflected in the bill of costs corresponds with the costs reflected in the judgment. Appellant does not challenge a specific cost or basis for the assessment of a particular cost. Absent such a challenge, the bill of costs is sufficient to support the assessed costs in the judgment. *See id.* at *8. We overrule Appellant's first and second issues.

### DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered April 23, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] *See Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### APRIL 23, 2014

### NO. 12-13-00255-CR

**EDWARD KIM RENDELL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0214-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*