**Opinion issued May 6, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00549-CR

————————————

**TIMOTHY ROSALES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1311741**

---

### MEMORANDUM OPINION

Appellant, Timothy Rosales, pleaded guilty without an agreed recommendation as to punishment to the second-degree felony offense of failure to comply with the sex offender registration requirements, and the trial court assessed

his punishment at twenty years' confinement.[1]  The written judgment ordered

appellant to pay $279 in court costs.  In his sole issue, appellant contends that

insufficient evidence supports the trial court's assessment of court costs.

We affirm.

## Background

Appellant does not challenge the merits of his conviction or his sentence for

failure to comply with the sex offender registration requirements.  His sole issue on

appeal instead relates to the assessment of $279 in court costs against him in the

written judgment.  He does not raise a challenge to the assessment of a particular

cost.

The written judgment stated the aggregate amount of court costs to be

assessed against appellant: $279.  An itemized bill of costs was not produced at the

time the trial court pronounced appellant's sentence or at the time the court signed

the written judgment.  The original clerk's record on appeal did not contain a bill

of costs.  After appellant filed his appellate brief challenging the sufficiency of the

evidence to support the costs assessment, the Harris County district clerk filed a

supplemental clerk's record containing a printout entitled "Justice Information

Management Systems Cost Bill Assessment."  This document set out each item of

cost assessed against appellant, for a total amount owed of $279.  This printout

---

[1]      *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(3) (Vernon Supp. 2013).

2

contained the seal of the Harris County district clerk and a certification, signed by a deputy clerk, that the printout was a "true and correct copy of the original record."

Appellant objected to the supplemental record, arguing that it was not clear from the record whether the bill of costs printout was generated at the time the trial court signed the written judgment. He also argued that the printout did not constitute a bill of costs because it was not signed and there was no indication that the trial court saw it before signing the written judgment. He argued, "Unless the 'cost bill' in this case was created at the time of the judgment and considered by the trial court, it must not be considered here."

### Sufficiency of Evidence to Support Assessment of Court Costs

The Code of Criminal Procedure requires that a judgment order a defendant to pay court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (Vernon 2006) ("If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Court costs itemized in a certified bill of costs need not be orally pronounced or incorporated by reference into the judgment to be effective. *Johnson*, 423 S.W.3d at 389 (citing *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011)). Court costs are not part of a

defendant's guilt or sentence and need not be proved at trial. *Id.* at 390 Thus, reviewing courts do not apply traditional sufficiency of evidence principles when determining whether sufficient evidence supports the assessment of court costs. *Id.* Instead, we review the "assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost . . . ." *Id.*

Challenges to the assessment of court costs may be raised for the first time on appeal. *Id.* Furthermore, the district clerk may permissibly supplement the record on appeal with a bill of costs, even though the clerk generated the bill after the trial court signed the written judgment and did not first present the bill to the trial court prior to supplementation. *Id.* at 392, 394.

Under Code of Criminal Procedure Chapter 103, which governs collection of court costs, "a bill of costs must contain the items of cost, it must be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and it must be certified." *Id.* at 392; *see* TEX. CODE CRIM. PROC. ANN. art. 103.001 (Vernon 2006) (stating requirements for costs to be payable); *id.* 103.006 (Vernon 2006) (providing that if criminal action is appealed, officer of court shall certify and sign bill of costs stating costs that have accrued and send bill to appellate court). The Court of Criminal Appeals has held that a computer printout entitled "J.I.M.S. COST BILL ASSESSMENT" that lists the itemized court costs

that have accrued, contains the seal of the district clerk certifying that the document is a true and original copy, and is signed by a deputy clerk constitutes a bill of costs for the purpose of Chapter 103 and supports the assessment of court costs against the defendant. *See Johnson*, 423 S.W.3d at 392–93. "Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient." *Id.* at 396.

Here, appellant does not challenge the assessment of a particular cost. *See id.* The Harris County district clerk filed a supplemental record that contained a printout entitled "Justice Information Management Systems Cost Bill Assessment." This printout identified the specific costs that had accrued against appellant and the amount of each of these costs, which added up to a "total amount owed" of $279.[2] The printout also contained the seal of the Harris County district clerk, a certification that the document "is a true and correct copy of the original record," and the signature of the deputy clerk who prepared the document. We conclude

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (Vernon Supp. 2013) (charging $4 for jury reimbursement fee); *id.* art. 102.005(a) (Vernon 2006) (charging $40 for services of clerk of court); *id.* art. 102.005(f) (Vernon 2006) (requiring fee of $25 for records management and preservation services); *id.* art 102.011(a)(2) (Vernon Supp. 2013) (charging $50 for execution of capias); *id.* art. 102.011(a)(6) (charging total of $10 for commitment and release); *id.* art. 102.0169(a) (Vernon Supp. 2013) (charging $4 for court technology fee); *id.* art. 102.017(a) (Vernon Supp. 2013) (charging $5 security fee upon conviction in district court); TEX. LOC. GOV'T CODE ANN. § 133.102(a) (Vernon Supp. 2013) (requiring defendant to pay $133 upon felony conviction); *id.* § 133.105(a) (Vernon 2008) (charging $6 upon conviction for support of judiciary); *id.* § 133.107(a) (Vernon Supp. 2013) (charging $2 for indigent defense support).

that this printout constitutes a "bill of costs" that satisfies the requirements of Chapter 103 and supports the assessment of $279 in court costs against appellant. *See id.* at 393, 396.

We therefore hold that the bill of costs included in the supplemental record on appeal supports the trial court's assessment of $279 in court costs against appellant.

We overrule appellant's sole issue.[3]

---

[3] To the extent appellant complains in his objection to the supplemental clerk's record that considering the bill of costs violates his due process rights because there is no indication that the trial court saw this bill at the time it signed the written judgment, we note that the Court of Criminal Appeals has rejected this argument. *See Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014) ("Convicted defendants have constructive notice of mandatory court costs set by statute and the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure. Appellant's right to due process of law has been satisfied with respect to notice and an opportunity to be heard regarding the imposition of court costs."); *see also* TEX. CODE CRIM. PROC. ANN. art. 103.008 (Vernon 2006) ("On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs."). We overrule appellant's objection to the supplemental record filed on February 6, 2013.

## Conclusion

We affirm the judgment of the trial court.  We dismiss all pending motions as moot.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).