**Opinion issued May 8, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NOS. 01-11-01010-CR, 01-11-01011-CR & 01-11-01012-CR

————————————

### DERRICK JABAZ ANDERSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1285911, 1285912 & 1285913**

---

### MEMORANDUM OPINION

Appellant, Derrick Jabaz Anderson, pleaded guilty without an agreed

recommendation as to punishment to three counts of aggravated robbery.[1] The

---

[1] *See* TEX. PENAL CODE ANN. §§ 29.02, 29.03 (Vernon 2011) (providing elements
for aggravated robbery). Appellant's conviction in trial court cause number

trial court assessed his punishment at thirty years' confinement for each count, with the sentences to run concurrently. The written judgments ordered appellant to pay $234 in court costs for each conviction. In a single issue, appellant argues that insufficient evidence supports the trial court's assessment of court costs.

We affirm.

## Background

Appellant challenges neither his convictions nor his sentences for aggravated robbery. His only issue on appeal relates to the assessment of $234 in court costs against him in the written judgments for each of his convictions. Appellant does not challenge the imposition of a specific cost or the basis for a specific cost.

The written judgments stated the aggregate amount of court costs—$234— to be imposed against appellant in each case. An itemized bill of costs was not produced at the time the trial court pronounced appellant's sentence in open court or at the time the trial court signed the written judgments. The original clerk's record on appeal did not contain a bill of costs.

On April 15, 2013, after appellant had filed his appellate brief challenging the sufficiency of the evidence to support the imposition of court costs, the district

---

1285911 resulted in appellate cause number 01-11-01010-CR; his conviction in trial court cause number 1285912 resulted in appellate cause number 01-11-01011-CR; and his conviction in trial court cause number 1285913 resulted in appellate cause number 01-11-01012-CR.

clerk filed a supplemental record that contained an itemized bill of costs in each appellate cause number. This document, entitled "Criminal Bill of Cost," set out the description of the assessed fees and the amounts assessed, and the document bore the seal and signature of the district clerk of Harris County, a certification that the document "is a true and correct copy of the original record," and the signature of the deputy who prepared the document.

Appellant filed an objection to the supplemental record in this Court, arguing that the record does not reflect that the bill of costs was ever presented to the trial court at the time it signed the written judgments and, therefore, this Court should not consider the bill. Appellant also argued that because there was no indication that he was given notice of the bill of costs at the time the trial court rendered judgment against him, upholding the imposition of court costs based on this bill would constitute a denial of due process.

**Sufficiency of Evidence to Support Assessment of Court Costs**

The Code of Criminal Procedure requires that a judgment order a defendant to pay court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (Vernon 2006) ("If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Court costs itemized in a certified

bill of costs need not be orally pronounced or incorporated by reference into the judgment to be effective. *Johnson*, 423 S.W.3d at 389 (citing *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011)). Court costs are not part of a defendant's guilt or sentence and need not be proved at trial. *Id.* at 390. Thus, reviewing courts do not apply traditional sufficiency of evidence principles when determining whether sufficient evidence supports the assessment of court costs. *Id.* Instead, we review the "assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost . . . ." *Id.*

Challenges to the assessment of court costs may be raised for the first time on appeal. *Id.* Furthermore, the district clerk may permissibly supplement the record on appeal with a bill of costs, even though the clerk generated the bill after the trial court signed the written judgment and did not first present the bill to the trial court prior to supplementation. *Id.* at 392, 394.

Under Code of Criminal Procedure Chapter 103, which governs collection of court costs, "a bill of costs must contain the items of cost, it must be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and it must be certified." *Id.* at 392; *see* TEX. CODE CRIM. PROC. ANN. art. 103.001 (Vernon 2006) (stating requirements for costs to be payable); *id.* 103.006 (Vernon 2006) (providing that if criminal action is appealed, officer of court shall

4

certify and sign bill of costs stating costs that have accrued and send bill to appellate court). The Court of Criminal Appeals has held that a computer printout entitled "J.I.M.S. COST BILL ASSESSMENT" that lists the itemized court costs that have accrued, contains the seal of the district clerk certifying that the document is a true and original copy, and is signed by a deputy clerk constitutes a bill of costs for the purpose of Chapter 103 and supports the assessment of court costs against the defendant. *See Johnson*, 423 S.W.3d at 392–93. "Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient." *Id.* at 396.

Here, appellant does not challenge the assessment of a particular cost. *See id.* The Harris County district clerk filed a supplemental record that contained a printout entitled "Criminal Bill of Cost" that bore the seal and signature of the district clerk of Harris County. This printout contained a certification that the document "is a true and correct copy of the original record," and it bore the signature of the deputy clerk who prepared the document. This document identified the specific costs that had accrued against appellant and the amount of each of these costs, which added up to a "total amount owed" of $234 for each conviction.[2] We conclude that this printout constitutes a "bill of costs" that

---

[2]      *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (Vernon Supp. 2013) (charging $4 for jury reimbursement fee); *id.* art. 102.005(a) (Vernon 2006) (charging $40 for services of clerk of court); *id.* art. 102.005(f) (Vernon 2006)

5

satisfies the requirements of Chapter 103 and supports the assessment of $234 in court costs against appellant for each of his convictions. *See id.* at 393, 396.

We therefore hold that the bill of costs included in the supplemental record on appeal supports the trial court's assessment of $234 in court costs against appellant for each of his convictions.

We overrule appellant's sole issue.[3]

_____

(requiring fee of $25 for records management and preservation services); *id.* art. 102.011(a)(1) (Vernon Supp. 2013) (charging $5 for arrest without warrant); *id.* art. 102.011(a)(6) (charging total of $10 for commitment and release); *id.* art. 102.0169(a) (Vernon Supp. 2013) (charging $4 for court technology fee); *id.* art. 102.017(a) (Vernon Supp. 2013) (charging $5 security fee upon conviction in district court); TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (Vernon Supp. 2013) (requiring defendant to pay $133 upon felony conviction); *id.* § 133.105(a) (Vernon 2008) (charging $6 upon conviction for support of judiciary); *id.* § 133.107(a) (Vernon Supp. 2013) (charging $2 for indigent defense support).

[3] To the extent appellant complains in his objection to the supplemental clerk's record that considering the bill of costs violates his due process rights, we note that the Court of Criminal Appeals has rejected this argument. *See Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014) ("Convicted defendants have constructive notice of mandatory court costs set by statute and the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure. Appellant's right to due process of law has been satisfied with respect to notice and an opportunity to be heard regarding the imposition of court costs."); *see also* TEX. CODE CRIM. PROC. ANN. art. 103.008 (Vernon 2006) ("On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs."). Accordingly, we deny appellant's motion objecting to the supplemental clerk's record filed in this case.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).