**Opinion issued May 13, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-12-01047-CR**

**NO. 01-12-01048-CR**

————————————

**DWAYNE KEITH JORDON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1233855 & 1233856**

---

**MEMORANDUM OPINION**

Appellant, Dwayne Keith Jordon, pleaded guilty to the second-degree felony

offense of theft of property valued between $100,000 and $200,000 and to the first-

degree felony offense of theft of property valued at over $200,000.[1]   After appellant pleaded true to the allegations in two enhancement paragraphs, the trial court assessed punishment at thirty years' confinement for each offense, to run concurrently.[2]   The written judgments assessed $230 in court costs against appellant for both offenses.   In his sole issue on appeal, appellant contends that insufficient evidence supports the assessment of court costs against him.

We affirm.

## Background

Appellant does not challenge the merits of either his convictions or his sentences.   Instead, the sole issue he raises in this appeal concerns the assessment of $230 in court costs against him for each offense.   He does not challenge the assessment of a particular item of costs as improper.

The written judgments stated the aggregate amount of court costs to be assessed against appellant in each case:  $230.   The district clerk did not produce an itemized bill of costs at the time the trial court orally pronounced appellant's

---

[1]   *See* TEX. PENAL CODE ANN. § 31.03(e)(6) (Vernon Supp. 2013) (providing that theft of property valued between $100,000 and $200,000 is second-degree felony); *id.* § 31.03(e)(7) (providing that theft of property valued at over $200,000 is first-degree felony).

[2]   The offense of theft of property valued between $100,000 and $200,000 was tried in trial court cause number 1233855 and resulted in appellate cause number 01-12-01047-CR.  The offense of theft of property valued at over $200,000 was tried in trial court cause number 1233856 and resulted in appellate cause number 01-12-01048-CR.

2

sentences or at the time the court signed the written judgments. The original clerk's record on appeal also did not contain a bill of costs. Instead, shortly after filing the original clerk's record, the district clerk then filed a supplemental clerk's record for each appellate cause number. The supplemental records contained an identical printout entitled "J.I.M.S. COST BILL ASSESSMENT." This document indicated the specific items of cost that had accrued against appellant and the amount for each of these costs, which totaled $230. The printout contained the seal of the Harris County District Clerk, a certification, signed by a deputy clerk, that the printout was a "true and correct copy of the original record," and the signature of the deputy clerk who prepared the printout.

**Sufficiency of Evidence to Support Award of Court Costs**

In his sole issue, appellant challenges the sufficiency of the evidence supporting the trial court's assessment of court costs against him and contends that this assessment was unlawful because the cost bills contained in the supplemental records do not constitute proper cost bills and there is no indication in the record that the trial court saw these printouts before it signed the written judgments. Appellant argues that the use of the printouts violates his right to due process.

The Code of Criminal Procedure requires that a judgment order a defendant to pay court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (Vernon 2006) ("If the punishment is any other than a fine, the judgment shall specify it, and order it

3

enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Court costs itemized in a certified bill of costs need not be orally pronounced or incorporated by reference into the judgment to be effective. *Johnson*, 423 S.W.3d at 389 (citing *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011)). Court costs are not part of a defendant's guilt or sentence and need not be proved at trial. *Id.* at 390. Thus, reviewing courts do not apply traditional sufficiency of evidence principles when determining whether sufficient evidence supports the assessment of court costs. *Id.* Instead, we review the "assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost . . . ." *Id.*

Challenges to the assessment of court costs may be raised for the first time on appeal. *Id.* A defendant also has a "separate statutory remedy to correct erroneous or unsupportable costs" pursuant to Code of Criminal Procedure article 103.008, which permits a defendant, within one year of the date of the final disposition of a case in which the trial court imposes costs, to file a motion to correct any error in the costs. *Id.* at 392; *see* TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (Vernon 2006). Furthermore, the district clerk may permissibly supplement the appellate record with a bill of costs, even when the clerk generated

4

the cost bill after the trial court signed the written judgment. *Johnson*, 423 S.W.3d at 392, 394 ("[M]atters pertaining to the imposition of court costs need not be brought to the attention of the trial court, including a bill of costs prepared after a criminal trial."). Because the defendant may complain about costs for the first time on appeal or file an article 103.008 motion, "an appellant is not prejudiced by the supplementation of the record" to include a bill of costs created post-judgment. *Id.* at 392. Moreover, due to the ability to raise a challenge to court costs either on appeal or by an article 103.008 motion and the fact that "[c]onvicted defendants have constructive notice of mandatory court costs set by statute," when the district clerk supplements the appellate record with a cost bill, the defendant's "right to due process of law has been satisfied with respect to notice and an opportunity to be heard regarding the imposition of court costs." *Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014); *Johnson*, 423 S.W.3d at 389 (defining "mandatory cost" as "legislatively mandated obligation imposed upon conviction" and stating, "Because mandatory costs are fixed by statutes that are published publicly in the laws of the State of Texas, a criminal defendant has constructive notice of those laws . . . .").

Under Code of Criminal Procedure Chapter 103, which governs collection of court costs, "a bill of costs must contain the items of cost, it must be signed by the officer who charged the cost or the officer who is entitled to receive payment for

the cost, and it must be certified." *Johnson*, 423 S.W.3d at 392; *see* TEX. CODE CRIM. PROC. ANN. art. 103.001 (Vernon 2006) (stating requirements for costs to be payable); *id.* art. 103.006 (Vernon 2006) (providing that if criminal action is appealed, officer of court shall certify and sign bill of costs stating costs that have accrued and send bill to appellate court). In *Johnson*, the Court of Criminal Appeals approved the use of a computer printout entitled "J.I.M.S. COST BILL ASSESSMENT" that listed the itemized court costs that had accrued, that contained the seal of the district clerk certifying that the printout was a true and original copy, and that was signed by a deputy clerk. *See Johnson*, 423 S.W.3d at 392–93. The Court of Criminal Appeals concluded that the printout "contains the items of cost, is signed by an officer who is entitled to receive payment for the cost—the Harris County District Clerk—and it is certified by an officer of the court" and therefore constitutes a bill of costs pursuant to Chapter 103. *Id.* at 393. The court then concluded that, absent a challenge to a specific cost or the basis for the assessment of the cost, the printout sufficiently supported the assessment of court costs. *Id.* at 396.

Here, appellant does not challenge the assessment of a particular cost or the basis for a particular cost. *See id.* The Harris County District Clerk filed supplemental records containing a document almost identical to the one approved by the Court of Criminal Appeals in *Johnson*. This printout, entitled "J.I.M.S.

6

COST BILL ASSESSMENT," identified the specific court costs that had accrued against appellant and the amount of each of these costs, which added up to a "total amount owed" of $230, the amount of costs assessed against appellant in the written judgments for each cause number.[3] The printout also contained the seal of the Harris County District Clerk, a certification signed by a deputy clerk that the document "is a true and correct copy of the original record," and the signature of the deputy clerk who prepared the printout. We conclude that, as in *Johnson*, this printout constitutes a "bill of costs" that satisfies the requirements of Chapter 103 and supports the assessment of $230 in court costs in each cause number against appellant. *See id.* at 393, 396.

Because appellant could complain about the assessment of court costs against him for the first time on appeal, the fact that the district clerk did not prepare the bill of costs until after the trial court had signed the written judgments and appellant had filed an appeal does not violate appellant's due process rights.

---

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (Vernon Supp. 2013) (charging $4 for jury reimbursement fee); *id.* art. 102.005(a) (Vernon 2006) (charging $40 for services of clerk of court); *id.* art. 102.005(f) (Vernon 2006) (requiring fee of $25 for records management and preservation services); 102.011(a)(1) (Vernon Supp. 2013) (charging $5 for making arrest without warrant); *id.* art. 102.011(a)(6) (charging total of $10 for commitment and release); *id.* art. 102.017(a) (Vernon Supp. 2013) (charging $5 security fee upon conviction in district court); TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (Vernon Supp. 2013) (requiring defendant to pay $133 upon felony conviction); *id.* § 133.105(a) (Vernon 2008) (charging $6 upon conviction for support of judiciary); *id.* § 133.107(a) (Vernon Supp. 2013) (charging $2 for indigent defense support).

*See id.* at 392; *Cardenas*, 423 S.W.3d at 399.  We therefore hold that the cost bills included in the supplemental records on appeal support the trial court's assessment of $230 in court costs against appellant for each offense.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgments of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).

8