**Opinion issued June 26, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01009-CR

————————————

## JAMES PORTER PARK, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court at Law No. 5**
**Harris County, Texas**
**Trial Court Case No. 1831708**

## MEMORANDUM OPINION

A jury convicted appellant, James Porter Park, of assault,[1] and the trial court

assessed his punishment at confinement for one year in the county jail. The written

---

[1] *See* TEX. PENAL CODE ANN. § 22.01 (Vernon 2011) (providing elements of assault and providing that offense as charged in this case is Class A misdemeanor).

judgment ordered appellant to pay $297 in court costs. In a single issue, appellant argues that "[t]he judgment reflects court costs that are not supported by the record."

We affirm.

## Background

Appellant challenges neither his conviction nor his sentence for assault. His only issue on appeal relates to the assessment of $297 in court costs against him in the written judgment for his conviction. Appellant does not challenge the imposition of a specific cost or the basis for a specific cost.

The written judgment stated the aggregate amount of court costs—$297—to be imposed against appellant. Following the judgment, the record on appeal contains a document entitled "J.I.M.S. Cost Bill Assessment" that lists the itemized court costs that had accrued in appellant's case. The cost bill also contains the seal of the district clerk certifying that "this is a true and correct copy of the digital record filed and or recorded in my office" and is signed by a deputy clerk, dated December 10, 2012.

## Evidence to Support Assessment of Court Costs

The Code of Criminal Procedure requires that a judgment order a defendant to pay court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (Vernon 2006) ("If the punishment is any other than a fine, the judgment shall specify it, and order it

enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."); *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Court costs itemized in a certified bill of costs need not be orally pronounced or incorporated by reference into the judgment to be effective. *Johnson*, 423 S.W.3d at 389 (citing *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011)). Court costs are not part of a defendant's guilt or sentence and need not be proved at trial. *Id.* at 390. Thus, reviewing courts do not apply traditional sufficiency of evidence principles when determining whether sufficient evidence supports the assessment of court costs. *Id.* Instead, we review the "assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost . . . ." *Id.*

Challenges to the assessment of court costs may be raised for the first time on appeal. *Id.* at 389–90. Furthermore, the district clerk may permissibly supplement the record on appeal with a bill of costs, even though the clerk generated the bill after the trial court signed the written judgment and did not first present the bill to the trial court prior to supplementation. *Id.* at 392, 394.

Under Code of Criminal Procedure Chapter 103, which governs collection of court costs, "a bill of costs must contain the items of cost, it must be signed by the officer who charged the cost or the officer who is entitled to receive payment for

the cost, and it must be certified." *Id.* at 392; *see* TEX. CODE CRIM. PROC. ANN. art. 103.001 (Vernon 2006) (stating requirements for costs to be payable); *id.* 103.006 (Vernon 2006) (providing that if criminal action is appealed, officer of court shall certify and sign bill of costs stating costs that have accrued and send bill to appellate court). The Court of Criminal Appeals has held that a computer printout entitled "J.I.M.S. COST BILL ASSESSMENT" that lists the itemized court costs that have accrued, contains the seal of the district clerk certifying that the document is a true and original copy, and is signed by a deputy clerk constitutes a bill of costs for the purpose of Chapter 103 and supports the assessment of court costs against the defendant. *See Johnson*, 423 S.W.3d at 392–93. "Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient." *Id.* at 396.

Here, appellant does not challenge the assessment of a particular cost. *See id.* Rather, appellant argues that the document contained in the record "is not a cost bill as contemplated and required by law" and that the "bill is not 'signed' as required by law" because "[t]he only signature affixed to the computer printouts is part of the seal certifying the copy." Appellant also argues that there is "no detail determining when this was created or that the trial court saw it before signing the judgment."

4

The record contains a printout entitled "J.I.M.S. Cost Bill Assessment" that bears the seal and signature of the district clerk of Harris County, contains a certification that the document "is a true and correct copy of the original record," and bears the signature of the deputy who prepared the document and the date December 10, 2012. This document identifies the specific costs that had accrued against appellant and the amount of each of these costs, which add up to a "total amount owed" of $297.[2] This document is virtually identical to the cost bill analyzed by the Texas Court of Criminal Appeals in *Johnson*, which it held to be sufficient to support the assessment of costs in the judgment. *See* 423 S.W.3d at 393. Furthermore, the Court of Criminal Appeals has held that it was permissible

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 102.004(a) (Vernon 2006) (charging $20 fee for requesting and receiving jury trial in county court); *id.* art. 102.0045(a) (Vernon Supp. 2013) (charging $4 for jury reimbursement fee); *id.* art. 102.005(a) (Vernon 2006) (charging $40 for services of clerk of court); *id.* art. 102.005(f) (requiring fee of $25 for records management and preservation services); *id.* art. 102.008(a) (Vernon 2006) (charging $25 fee for services of prosecutor); *id.* art. 102.011(a)(1) (Vernon Supp. 2013) (charging $5 for arrest without warrant); *id.* art. 102.011(a)(3) (charging total of $40 for summoning witnesses); *id.* art. 102.011(a)(5) (charging $10 for taking and approving bond); *id.* art. 102.011(a)(6) (charging total of $10 for commitment and release); *id.* art. 102.011(a)(7) (charging $5 for summoning jury); *id.* art. 102.0169(a) (Vernon Supp. 2013) (charging $4 for court technology fee); *id.* art. 102.017(b) (Vernon Supp. 2013) (charging $3 security fee upon conviction of misdemeanor in county court); TEX. LOC. GOV'T CODE ANN. § 133.102(a)(2) (Vernon Supp. 2013) (requiring defendant to pay $83 in consolidated court costs upon conviction of Class A misdemeanor); *id.* § 133.105(a) (Vernon 2008) (charging $6 upon conviction for support of judiciary); *id.* § 133.107(a) (Vernon Supp. 2013) (charging $2 for indigent defense support); TEX. GOV'T CODE ANN. § 102.0211(1) (Vernon 2013) (incorporating Government Code section 51.702 charging $15 judicial fund fee for conviction in county court).

for the clerk to generate the bill of costs after the trial court signed the written judgment, and it held that it was not necessary for the clerk to present the bill of costs to the trial court prior to its inclusion in an appellate record. *Id.* at 392, 394.

We conclude that this printout constitutes a "bill of costs" that satisfies the requirements of Chapter 103 and supports the assessment of $297 in court costs against appellant. *See id.* at 392–93, 396. We therefore hold that the bill of costs included in the record on appeal supports the trial court's assessment of $297 in court costs against appellant for his conviction.

Appellant also complains that "a newly created bill of costs fails to fulfill due process and violates" the Fourteenth Amendment. We observe that the Court of Criminal Appeals has rejected this argument. *See Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014) ("Convicted defendants have constructive notice of mandatory court costs set by statute and the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure. Appellant's right to due process of law has been satisfied with respect to notice and an opportunity to be heard regarding the imposition of court costs."); *see also* TEX. CODE CRIM. PROC. ANN. art. 103.008 (Vernon 2006) ("On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last

pending shall correct any error in the costs."). Appellant also relies in part on *Harrell v. State*; however, that case is distinguishable on its facts, as it involved a civil proceeding to withdraw money from a prisoner's inmate trust account, which is not an issue here. 286 S.W.3d 315, 321 (Tex. 2009) (holding that inmate's due process rights were not violated by withdrawal order when he received notice of withdrawal order on same day department of corrections received copy of order and had his concerns considered by trial court that issued it).

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court. We dismiss all pending motions as moot.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

7