CONCURRING OPINION
Michael Massengale, Justice
I concur in the judgment and join the court’s opinion, which is premised correctly on the factual basis for assessing the court costs as revealed in the appellate record—reasoning suggested by the State only as an alternative argument relegated to a footnote. I write separately to squarely address the State’s main argument: that our appellate review “of court costs on appeal to determine if there is a basis for the cost”[1] can be satisfied by simply confirming that “the payment of court costs is mandated by the legislature.”[2] I disagree with this interpretation of the scope of review required by Johnson v. State, 423 S.W.3d 385 (Tex. Crim. App. 2014).
Johnson stands for the proposition that we don’t review an assessment of court costs by applying the same due-process standard described in Jackson v. Virginia[3] and Brooks v. State[4] to evaluate whether the trial record contains sufficient evidentiary proof of a defendant’s guilt before a criminal conviction will be sustained.[5] But that doesn’t mean the assessment of costs requires no factual basis whatsoever in the procedural history of the case.
Nothing in Johnson suggests, as the State argues in this appeal, that the mere statutory authorization to charge a particular type of fee is itself a sufficient “basis” to affirm the assessment of court costs, without reference to the facts. To the contrary, Johnson expressly held: “a specific amount of court costs need not be supported by a bill of costs in the appellate record for a reviewing court to conclude that the assessed court costs are supported by facts in the record.”[6] These “facts in the record” could take many forms which might not satisfy the rules of evidence if they were offered at trial as formal proof of the underlying facts justifying the fee.[7]
*210 In sum, statutory authority to charge a fee is not a fully adequate “basis” upon which the State can rely in response to a challenge to an assessment of court costs. To the extent any other courts may have suggested that is the rule,[8] we should not follow them.

. Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).

. State’s Appellate Brief at 9.

. 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

. 323 S.W.3d 893 (Tex. Crim. App. 2010).

. See Johnson, 423 S.W.3d at 389-90.

. 423 S.W.3d at 395 (emphasis supplied).

. See, e.g., Cardenas v. State, 403 S.W.3d 377, 388-89 (Tex. App.-Houston [1st Dist.] 2013) (observing that even without the "roadmap” provided by a bill of costs, “the clerk's record generated in the trial court through the entry of judgment” demonstrated "facts and circumstances sufficient to justify” the full measure of costs assessed in the case), aff'd, 423 S.W.3d 396 (Tex. Crim. App. 2014).

. See, e.g., Hunter v. State, No. 14-15-00575-CR, 2016 WL 675327, at *2 (Tex. App.-Houston [14th Dist.] Feb. 18, 2016, no pet.) (per curiam) (“Because the sheriffs fee has a basis in law, the fee will remain in the judgment.”).