ACCEPTED
01-14-00675-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/3/2015 10:27:01 AM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00675-CR
## No. 01-14-00676-CR

### IN THE COURT OF APPEALS
### FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/3/2015 10:27:01 AM
CHRISTOPHER A. PRINE
Clerk

### ISRAEL MONTOYA ALCARAZ
*Appellant*

**v.**

### THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Numbers 1394947 & 1394948
From the 174th District Court of Harris County, Texas

### BRIEF FOR APPELLANT

ORAL ARGUMENT WAIVED

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**ANGELA L. CAMERON**
Assistant Public Defender
Harris County, Texas
TBN 00788672
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

**Counsel for Appellant**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                    Israel Montoya Alcaraz
                                              TDC #01942296
                                              Telford Unit
                                              3899 Hwy 98
                                              New Boston, Texas 75570


TRIAL PROSECUTOR:                             Amy McCauley
                                              Assistant District Attorney
                                              Harris County, Texas
                                              1201 Franklin Avenue
                                              Houston, Texas 77002


DEFENSE COUNSEL AT TRIAL:                     Mark Thering
                                              1305 Prairie
                                              Houston, Texas 77002


PRESIDING JUDGE:                              Hon. Ruben Guerrero
                                              174th District Court
                                              Harris County, Texas
                                              1201 Franklin Avenue, 19th floor
                                              Houston, Texas 77002


COUNSEL ON APPEAL FOR APPELLANT:              Angela Cameron
                                              Assistant Public Defender
                                              Harris County, Texas
                                              1201 Franklin Avenue, 13th floor
                                              Houston, Texas 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .............................................................. 2

TABLE OF CONTENTS ...................................................................................... 3

INDEX OF AUTHORITIES ................................................................................. 4

STATEMENT OF THE CASE ............................................................................... 5

ISSUES PRESENTED ......................................................................................... 6

STATEMENT OF FACTS .................................................................................... 7

SUMMARY OF THE ARGUMENT ....................................................................... 8

ISSUE ONE ...................................................................................................... 9

    The DNA court cost assessed against Appellant is an unconstitutional tax on Appellant.

    Preservation of Error ............................................................................ 9
    Applicable Law ..................................................................................... 9

ISSUE TWO ................................................................................................... 12

    The written judgments should be modified to remove a Sheriff's fee that is not supported by the record.

ISSUE THREE ................................................................................................ 12

    The written judgments should be reformed to correctly reflect Appellant has the right to appeal.

PRAYER ........................................................................................................ 14

CERTIFICATE OF SERVICE ............................................................................. 15

CERTIFICATE OF COMPLIANCE ..................................................................... 16

# INDEX OF AUTHORITIES

## Cases

*Asberry v. State,* 813 S.W.2d 526 (Tex. App. – Dallas 1991, pet. ref'd) ........................... 13

*Cardenas v. State*, 423 S.W.3d 396 (Tex. Crim. App. 2014) ................................................. 9

*Evans v. State*, No. 01-11-00021-CR, 2012 WL 1379632 (Tex. App. – Houston [1st Dist.] April 19, 2012, no pet.)(mem. op. not designated for publication) ................. 13

*Ex parte Carson*, 159 S.W.2d 126 (1942) ............................................................... 10

*Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014) ................................................... 9

*Nolan v. State,* 39 S.W.3d 697 (Tex. App. – Houston [1st Dist.] 2001, no pet.) ............ 13

*Peraza v. State*, No. 01-12-00690-CR, 2014 WL 7476214 (Tex. App. – Houston [1st Dist.] Dec. 30, 2014, no. pet. h.) ................................................................. 8, 10, 11, 12

## Statutes

Tex. Code Crim. Proc. art 102.001(a)(1) ........................................................... 12

Tex. Code Crim. Proc. art. 102.020(a)(1) ........................................................... 9

Tex. Code Crim. Proc. art. 102.020(h) ........................................................... 11

Tex. Code Crim. Proc. art. 103.008 ........................................................... 9

Tex. Gov't Code Ann. §411.1471(a)(1) ........................................................... 9, 10

Tex. Gov't Code Ann. §772.006(a)(2) ........................................................... 11

## STATEMENT OF THE CASE

Mr. Alcaraz was indicted for Aggravated Sexual Assault of Child and Possession of Child Pornography (C.R. 1 at 25) (C.R. 2 at 16).[1] Alcaraz pled guilty without an agreed recommendation and his cases were set for a presentence investigation hearing. (C.R. 1 at 32) (C.R. 2 at 24). Following a presentence investigation hearing, the trial court sentenced Alcaraz to 50 years confinement in the Texas Department of Criminal Justice in the sexual assault case and 10 years confinement in the child pornography case. (C.R. 1 at 62) (C.R. 2 at 37) (1 R.R. at 87-88). The court ordered the sentences to be served concurrently (C.R. 1 at 62) (C.R. 2 at 37). Alcaraz filed a timely notice of appeal (C.R. 1 at 67) (C.R. 2 at 40). A motion for new trial was filed but not presented (C.R. 1 at 77) (C.R. 2 at 52).

---

[1] The clerk's record will be cited as follows:

| | | |
|---|---|---|
| C.R. 1 | …… | Clerk's record in trial cause number 1394947, 01-14-00675-CR |
| C.R. 2 | …… | Clerk's record in trial cause number 1394948, 01-14-00676-CR |
| Supp. C.R. 1 | …… | Supplemental Clerk's record in trial cause number 1394947, 01-14-00675-CR |
| Supp. C.R. 2 | …… | Supplemental Clerk's record in trial cause number 1394948, 01-14-00676-CR |

## ISSUES PRESENTED

### ISSUE ONE

The DNA court cost assessed against Appellant is an unconstitutional tax on Appellant.

### ISSUE TWO

The written judgments should be modified to remove a Sheriff's fee that is not supported by the record.

### ISSUE THREE

The written judgments should be reformed to correctly reflect Appellant has the right to appeal.

## STATEMENT OF FACTS

Alcaraz is the stepfather of the complainant E.H. (PSI at 7). While on a family vacation, E.H.'s mother asked to use Alcaraz's cell phone to take photos as her phone was not charged (1 R.R. at 41). After taking photos, E.H.'s mother wanted to view them. She scrolled through the phone and discovered several inappropriate photographs of E.H. which had been taken on four different dates. (1 R.R. at 11-13, 41-42). E.H.'s mother identified E.H. as the subject of the photographs based on the clothing and the room in which the photos were taken (1 R.R. at 10).

The photographs showed E.H. sleeping and her clothing being moved in order to expose her buttocks, breast and vagina (1 R.R. at 12-14). In one of the photographs, digital penetration of E.H.'s vagina could be seen (1 R.R. at 15 & 31). Law enforcement identified the hand in the photo as belonging to Alcaraz by comparing a scar on one of the fingers to Alcaraz's hands (1 R.R. at 15). This photograph formed the basis of the Aggravated Sexual Assault of a Child charge.

## SUMMARY OF THE ARGUMENT

Alcaraz argues the judgments in each case should be modified to delete $255 in court costs. This amount represents a $250 DNA Testing Fee pursuant to Tex. Code Crim. Proc. art. 102.020, which this Court has recently held unconstitutional in *Peraza v. State*, No. 01-12-00690-CR, 2014 WL 7476214 (Tex. App. – Houston [1st Dist.] Dec. 30, 2014, no. pet. h.). The remaining $5 represents a sheriff's fee for making an arrest without a warrant which is not supported by the record.

Alcaraz also argues the judgment should be reformed to correctly reflect he has the right to appeal. The current judgment states "Appeal Waived. No Permission to Appeal Granted." However the record contains an Amended Trial Court Certification which states the case "is not a plea-bargain case, and the defendant has the right of appeal" and the boilerplate waiver language in the plea papers is not binding.

THE DNA COURT COST ASSESSED AGAINST APPELLANT IS AN UNCONSTITUTIONAL TAX ON APPELLANT.

### Preservation of Error

Challenges to court costs can be raised for the first time on appeal and "[c]onvicted defendants have constructive notice of mandatory court costs set by statute and the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure." *Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014). In a companion case decided the same day, *Johnson v. State,* the Court further explained that because the cost bill is most likely unavailable at the time of the judgment, an "[a]ppellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal." *Johnson v. State*, 423 S.W.3d 385, 391 (Tex. Crim. App. 2014).

### Applicable Law

Both judgments contain court costs to be assessed against Mr. Alcaraz (C.R. 1 at 62) (C.R. 2 at 37). The clerk's record in each case contains a bill of cost supporting the amount noted in the judgment (C.R. 1 at 64) (C.R. 2 at 39). The bills of cost show Alcaraz was charged $250 in each case as a DNA Testing Fee (C.R. 1 at 64) (C.R. 2 at 39). Tex. Code Crim. Proc. art. 102.020(a)(1) provides that "[a] person shall pay as a cost of court $250 on conviction of an offense listed in Section 411.1471(a)(1),

Government Code." Both aggravated sexual assault of a child and possession of child pornography are offenses listed in Section 411.1471(a)(1). Thus the $250 cost was properly included in the bills of cost.

However in *Peraza v. State*, this Court held the DNA Record Fee was not a legitimate court cost, but was instead an unconstitutional tax. *Peraza v. State*, No. 01-12-00690-CR, 2014 WL 7476214 (Tex. App. – Houston [1st Dist.] Dec. 30, 2014, no. pet. h.). In reaching this conclusion, this Court relied on *Ex parte Carson*, 159 S.W.2d 126, 130 (1942), wherein the Court of Criminal Appeals found that a $1 law library fee was "neither necessary nor incidental to the trial of a criminal case" and as such was "not a legitimate" cost of court.

In *Peraza*, the Court first addressed the thirty-five percent of the funds which are to be deposited in state highway fund. The Court determined that these funds "may be used for *any function of TxDOT*" and are not specifically limited to "defray the costs associated with collecting, storing, and testing DNA samples" *Peraza* at 6 & 7 (emphasis in original). After examining the TxDOT's mission statement and the various statutes listing TxDOT's responsibilities, the Court held that because "the responsibilities of TxDOT are far more remote from a criminal trial than the county law libraries which were to be used by the judges and attorneys for trial preparation in *Carson*"…it could not be "reasonably concluded that the portion of the revenue collected through the 'DNA Record Fee' and dedicated to the state highway fund

10

constitutes a proper court cost to be assessed against appellant or any other criminal defendant." *Id.* at 7.

The Court then turned to the remaining sixty-five percent which is deposited in the criminal justice planning account. Tex. Crim. Proc. art. 102.020(h). "The criminal justice planning account is administered by the Criminal Justice Division ("CJD") of the Governor's Office. *Peraza* at 8 citing Tex. Gov't Code Ann. §772.006(a)(2) (Vernon 2012). Once again looking at the administering organization's mission, the Court determined "[t]he CJD …uses this money to '[s]upport a wide range of projects designed to reduce crime and improve the criminal and juvenile justice systems.'" *Peraza* at 9. The Court then found "the criminal justice planning account, which is funded by the "DNA Record Fee," [does not ]pass[ ] constitutional muster" stating:

> …the money from the criminal justice planning fund is not required to be directed to the courts or to services necessarily or incidentally related to criminal trials. And often times such revenue is given to programs that, as the court in *Carson* specifically noted, could not possibly relate to legitimate court costs. *See* 159 S.W.2d at 127 (costs for training and education not legitimate court costs that may be assessed against criminal defendants).

*Id.* at 10.

As Mr. Alcaraz was assessed the same DNA fee that this Court has found unconstitutional, Alcaraz requests this Court modify each judgment to delete the $250 charge from the court costs. *See Peraza v. State*, No. 01-12-00690-CR, 2014 WL 7476214 (Tex. App. – Houston [1st Dist.] Dec. 30, 2014, no. pet. h.)(proper remedy for unsupported fee to modify the judgment).

## ISSUE TWO

THE WRITTEN JUDGMENTS SHOULD BE MODIFIED TO REMOVE A SHERIFF'S FEE THAT IS NOT SUPPORTED BY THE RECORD.

Tex. Code Crim. Proc. art 102.001(a)(1) provides that a $5 court cost may be assessed when a peace officer makes an arrest without a warrant. Tex. Code Crim. Proc. art 102.001(a)(2) provides that a peace officer may charge $50 for executing an arrest warrant, capias or capias pro fine. The cost bills in both cases indicate Alcaraz was assessed both a $50 fee for "serving capias" and a $5 fee for "arrest w/o Warrant/Capias" (C.R. 1 at 64) (C.R. 2 at 39). One cannot be arrest both with and without a warrant or capias. It must be one or the other. The record indicates a warrant had issued at the time of Alcaraz's arrest (1 R.R. at 15). Thus the proper fee amount is $50 and each judgment should be modified to delete $5 fee from court costs. *See Peraza v. State*, No. 01-12-00690-CR, 2014 WL 7476214 (Tex. App. – Houston [1st Dist.] Dec. 30, 2014, no. pet. h.)(proper remedy for unsupported fee to modify the judgment).

## ISSUE THREE

THE WRITTEN JUDGMENTS SHOULD BE REFORMED TO CORRECTLY REFLECT APPELLANT HAS THE RIGHT TO APPEAL.

An appellate court has the power to correct and reform a trial court judgment "to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require."

12

*Nolan v. State,* 39 S.W.3d 697, 698-99 (Tex. App. - Houston [1st Dist.] 2001, no pet.) citing *Asberry v. State,* 813 S.W.2d 526, 529 Tex. App. - Dallas 1991, pet. ref'd).

Both judgments contain the following language:

> Furthermore, the following special findings or orders apply:
> APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.

(C.R. 1 at 63) (C.R. 2 at 38).

The record contains several trial court certifications. On April 14, 2014, the day Alcazar entered his guilty pleas, the court signed a certification in each case but failed to check any of the options provided on the form. (C.R. 1 at 41) (C.R. 2 at 32). On July 17, 2014, the day Alcaraz was sentenced, the court again signed certifications in each case. In the sexual assault case, the trial box stating the defendant has the right to appeal is checked and the box stating the defendant had waived the right to appeal is also checked as well as having initials next to it (C.R. 1 at 65). Additionally a third box stating the case was a plea bargain case appears to have been initially checked but marked out (C.R. 1 at 65). In the child pornography case the trial court indicated the defendant had the right to appeal (C. R. 2 at 43).

Finally, on January 13, 2015, pursuant to this Court's Order of Abatement, a third set of certifications were filed stating the case "is not a plea-bargain case and the defendant has the right of appeal." (Supp. C.R. 1 at 3) (Supp. C.R. 2 at 3).

In *Evans v. State*, No. 01-11-00021-CR, 2012 WL 1379632 (Tex. App. – Houston [1st Dist.] April 19, 2012, no pet.)(mem. op. not designated for publication)

the First Court of Appeals modified the judgment when faced with a similar situation. Evans pled guilty without a plea bargain and the case was set for a presentence investigation report. The judgment and the boilerplate plea papers said Evans had waived his right of appeal but the trial court's certification stated Evans had the right to appeal.

The Court reformed the judgment finding the boilerplate waiver of appeal language was not binding because it was executed before the trial court proceeded to adjudicate guilt, it was not bargained for and there was no recommended sentence.

These same three factors are present in Alcaraz's case. The plea papers and the original trial court certification were executed prior to the court finding Alcaraz guilty.[2] There is nothing in the record to indicate the parties bargained for Alcaraz to waive his appeal and the plea papers affirmatively reflect there was no recommended sentence (C.R. 1 at 32) (C.R. 2 at 24). The trial court also confirmed there was no agreed recommendation (1 R.R. at 3). Thus, Alcaraz requests this Court to correct and reform the trial court judgments to delete the notation "Appeal Waived. No Permission to Appeal Granted."

**PRAYER**

Mr. Alcaraz respectfully requests that this Court reform the judgment to reflect reduce the court costs by $255 in each case to remove the unconstitutional DNA fee,

---

[2] Prior to the beginning of the PSI hearing, the trial court specifically stated on the record, "There was no finding of guilt on these cases" (1 R.R. at 3).

14

and the unsupported Sheriff's fee of $5. Alcaraz also asks the Court to remove the notation "Appeal Waived. No Permission to Appeal Granted".

Respectfully submitted,

Alexander Bunin
Chief Public Defender

/s/ Angela Cameron
Angela Cameron
State Bar No. 00788672
Assistant Public Defender
Harris County Texas
1201 Franklin 13th Floor
Houston Texas 77002c
(713) 368-0016
angela.cameron@pdo.hctx.net

CERTIFICATE OF SERVICE

I certify that I provided a copy of the foregoing brief to the Harris County District Attorney via hand delivery on the day the brief was filed.

/s/ Angela Cameron
Angela Cameron

15

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of Tex. R. App. Proc. 9.4(e)(i).

1.      Exclusive of the portions exempted by Tex. R. App. Proc. 9.4 (i)(1), this brief contains 2,816 words printed in a proportionally spaced typeface.

2.      This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 12 point font in footnotes produced by Microsoft Word software.

3.      Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Tex. R. App. Proc. 9.4(j), may result in the Court's striking this brief and imposing sanctions against the person who signed it.

*/s/ Angela Cameron*
Angela Cameron