

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0733-13

**JOSE JUAN CARDENAS, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST DISTRICT COURT OF APPEALS
HARRIS COUNTY**

**HERVEY, J., delivered the opinion of the unanimous Court.**

**O P I N I O N**

In this case, Appellant, Jose Juan Cardenas, was convicted of aggravated robbery with a deadly weapon. TEX. PENAL CODE § 29.03(a)(1). The judgment of conviction ordered him to pay court costs in the amount of $294. We granted Appellant's petition for discretionary review to determine whether the court of appeals erred when it held that the record supported the assessment of $294 in court costs and to construe an article of the Texas Code of Criminal Procedure that allows a convicted defendant to file a motion to

"correct costs."[1] *See* TEX. CODE CRIM. PROC. art 103.008. We will affirm the judgment of the court of appeals.

## I. BASIS FOR THE ASSESSED COURT COSTS

[1]The exact grounds for review upon which we grant include:

(1)     The First Court of Appeals decision to support the sufficiency of the evidence in a court cost challenge has created two new rules of law which are unprecedented in appellate practice:

      1A.     Can a Court of Appeals order a bill of costs to be created for appellate purposes only?

      1B.     Can a Court of Appeals consider evidence that was unavailable to the trial court?

      1C.     Can a Court of Appeals create facts in the record that are entirely absent from the record and are untrue?

(2)     Is the Court of Appeals determination that a criminal defendant has an available remedy for court cost issues through Tex. Code Crim. Proc. 103.008 also a remedy for insufficient evidence in light of the following questions:

      2A.     Assuming bills of costs need be generated only upon appeal, how can a non-appealing defendant challenge errors in assessed costs under Article 103.008?

      2B.     Does the procedure under Article 103.008 allow a defendant to make constitutional challenges to assessed court costs?

      2C.     Is a defendant entitled to an evidentiary hearing in an Article 103.008 challenge?

      2D.     Under Article 103.008, errors are corrected by the court in which the case is pending or was last pending – can this be the appeals court?

      2E.     Is there any appeal from an Article 103.008 hearing?

**A. This Court's holdings from Johnson v. State *control with respect to the basis of the assessed court costs in this case, and the bill of costs provides a sufficient basis to sustain the court costs.***

In a companion case, we recently addressed an appellant's claim challenging the bases for the assessment of mandatory court costs. *See Johnson v. State*, No. PD-0193-13 (Tex. Crim. App. 2014). In *Johnson*, we held, in part, that a bill of costs need not be included in the record to support assessed court costs (although including a bill of costs for review or adding it to the record by supplementation is preferable) and that an appellate court can nonetheless order a trial-court clerk to prepare a bill of costs to be included as a supplemental clerk's record.

Although some of the facts of this case are different, our holdings in *Johnson* nonetheless control the outcome of Appellant's grounds for review challenging his assessed court costs because the bill of costs in the supplemental record supports those costs. Further, as in *Johnson*, we note that a number of statutes support the assessed amount of court costs.[2] As a result, we overrule Appellant's grounds for review 1A–1B.

In ground for review 1C, Appellant argues that the court of appeals mischaracterized the record and "created" facts to dispose of the case before it. He goes on to assert that "[t]he Court of Appeals' creation of facts is anathema to the [Standards for Appellate Conduct] and every basic concept of appellate decision making[,]" and that

---

[2]*See* TEX. LOC. GOV'T CODE §§ 133.102(a) (2004), 133.105(a), 133.107 (2007); TEX. CODE CRIM. PROC. art. 102.005(a), (f), 102.0045, 102.0169; TEX. CODE CRIM. PROC. arts. 102.011(a)(1), 102.011(a)(5)–(6).

the caselaw "is clear that an appellate litigant will be chastised, could be sanctioned by the State Bar, and could have his brief struck if the record is not cited pursuant to the [Texas Disciplinary Rules of Professional Conduct.]" Moreover, Appellant avers that the cited rules "apply to judges on the Court of Appeals," and to support his argument, he quotes a civil case from the Fourteenth District Court of Appeals stating that "the blatant misrepresentation and mischaracterization of the facts in [the court's opinion] . . . is inexcusable." *See Schlafly v. Schlafly*, 33 S.W.3d 863 872–74 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Appellant concludes that

> To uphold the sufficiency of the court costs without a cost bill, *and* comply with due process, the Court of Appeals needed something to show that [Appellant] had in fact had notice and an opportunity to be heard in the trial court. The only problem was [that] there was nothing in the record to support that notion. Instead, the Court of Appeals chose an alarming route - which was to make an assumption and then recite it as fact. This undermines the entirety of their (sic) opinion. [Appellant] was denied due process, and there is no evidence in the record before the *trial* court that reflected the court costs.

Appellant's Brief on the Merits at 13 (emphasis in original). The State responds that "[u]nlike the overly zealous assertions [of Appellant], the appellate court did not create any facts[,] and the suggestion that it would not only create facts, but outright fabricate false evidence, is spurious." Similar to Appellant's first two grounds for review, our holdings in *Johnson* also control the outcome of this question, despite Appellant's claims that the court of appeals fabricated facts and violated his right to due process of law. Convicted defendants have constructive notice of mandatory court costs set by statute and

the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure. Appellant's right to due process of law has been satisfied with respect to notice and an opportunity to be heard regarding the imposition of court costs. *See Johnson*, PD-0193-13, slip op. at 5, 10–11 (Tex. Crim. App. 2014) (holding that a criminal defendant has constructive notice of mandatory court-costs statutes, that supplementation of a record on appeal with a bill of costs is proper given the special nature of court costs, and that such supplementation does not prejudice a criminal defendant); *see also Harrell v. State*, 286 S.W.3d 315, 319–21 (Tex. 2009) (holding that an inmate is entitled to notice and an opportunity to be heard when the State attempts to withdraw funds from an inmate's trust account; however, neither "need occur before the funds are withdrawn").

### ARTICLE 103.008 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

Appellant also raises a number of grounds for review that would require us to construe Article 103.008.[3] However, we decline to reach the merits of those grounds for

---

[3]Article 103.008 states,

(a) On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs.

(b) The defendant must notify each person affected by the correction of costs in the same manner as notice of a similar motion is given in a civil action.

TEX. CODE CRIM. PROC. art. 103.008.

review because, although the court of appeals briefly mentioned Article 103.008 in its opinion, Appellant never filed a motion under Article 103.008 triggering its provisions, and the court of appeals did not construe Article 103.008 in its opinion.

Grounds for review 2A–2E are overruled.

### CONCLUSION

The court costs assessed against Appellant in the amount of $294 are supported by the bill of costs contained in the supplemental clerk's record. As a result, we decline to reach Appellant's other grounds for review, and we affirm the judgment of the court of appeals.

Hervey, J.

Delivered: February 26, 2014

Publish