# NOS. 12-13-00172-CR
## 12-13-00173-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVERY RAYNARD WILSON,*<br>*APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kevery Raynard Wilson appeals his felony convictions for evading arrest (cause number 12-13-00172-CR) and theft (cause number 12-13-00173-CR).  In his sole issue on appeal, he challenges the trial court's assessment of court costs against him.  We affirm.

### BACKGROUND

Appellant was indicted for the offenses of evading arrest and theft, both felonies as alleged due to enhancements for prior felonies committed by Appellant.  He pleaded "guilty" to both offenses without an agreement as to punishment.  He also pleaded "true" to the enhancement allegations.  The trial court accepted Appellant's pleas and found him guilty of the offenses.

After a hearing on punishment, the trial court sentenced Appellant to forty years of imprisonment on the evading arrest count, and twenty years of imprisonment on the theft count.  In both judgments, the trial court assessed court costs in the amount of $274.00.  At the time, the clerk's bill of costs was not in the record.  However, the record has been supplemented to include the bill of costs.  The total amount of costs identified in each bill of costs corresponds to the amount assessed in the trial court's written judgments.

## COURT COSTS

In his sole issue on appeal, Appellant contends that the trial court erred in imposing court costs not supported by the bill of costs in each case and by ordering that those costs be withdrawn from his trust account.

## Standard of Review and Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Thus, when the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the cost, not to determine if there is sufficient evidence offered at trial to prove each cost. *Id.* The traditional *Jackson v. Virginia* evidentiary sufficiency principles do not apply. *Id.*[1]

If the record on appeal does not include a bill of costs, one can be prepared and added to the record in a supplemental clerk's record. *Id.* at 392. A convicted defendant has constructive notice of mandatory court costs set by statute and may object to the assessment of costs against him for the first time on appeal or in a proceeding under article 103.008 of the Texas Code of Criminal Procedure. *Id.* at 389; *see also Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014). A specific amount of court costs need not be supported by a bill of costs in the appellate record for the reviewing court to conclude that the assessed court costs are supported by facts in the record. *Johnson*, 423 S.W.3d at 395. But the use of a bill of costs is the most expedient and preferable method to review the assessment of court costs. *Id.* at 396.

## Discussion

After Appellant filed his briefs, the record was supplemented in each case with a bill of costs. The amounts reflected in the bill of costs for each case correspond with the costs reflected in each judgment. Appellant does not challenge a specific cost or basis for the assessment of a particular cost. Absent such a challenge, the bill of costs is sufficient to support the assessed costs in each case. *See id.* We overrule Appellant's sole issue.

---

[1] *See Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court in each case.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 30, 2014**

**NO. 12-13-00172-CR**

**KEVERY RAYNARD WILSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0164-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 30, 2014**

**NO. 12-13-00173-CR**

**KEVERY RAYNARD WILSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0165-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*