**Affirmed as Reformed and Opinion filed August 25, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00475-CR

---

### WILLIAM JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 184th District Court
### Harris County, Texas
### Trial Court Cause No. 1395867

---

# O P I N I O N

Appellant William Johnson challenges his conviction for aggravated robbery with a deadly weapon and the trial court's assessment of court costs against him. Appellant asserts the trial court violated his right to a neutral judge by questioning him about the plea offer he rejected. Appellant also challenges Texas Local Government Code section 133.102 as violating the Texas Constitution. And, both the State and appellant claim the judgment contains errors. We modify the judgment to correct errors, but we overrule appellant's other issues and affirm the judgment as modified.

# I. FACTUAL AND PROCEDURAL BACKGROUND

After being charged with aggravated robbery using or exhibiting a deadly weapon, appellant pleaded "guilty" without any agreed recommendation. Before appellant entered his plea, the trial court questioned him regarding his competency and asked if he understood the impact of his action. In particular, the trial court queried whether appellant understood the plea bargain offered by the State and the potential range of punishment the trial court could impose. The trial court stated it would determine the sentence after reviewing a pre-sentence investigation report considering evidence. After articulating an understanding of the consequences of his plea, appellant pleaded "guilty," and the trial court accepted the plea. The trial court later sentenced appellant to eight years' confinement and assessed court costs.

# II. ANALYSIS

## A. Alleged Interference in Plea Negotiations

Appellant asserts the trial court violated his right to have his punishment assessed by an impartial judge because the trial court became biased through interference in plea negotiations. According to appellant, the interference caused the trial court to become an advocate for the plea agreement. Appellant argues that if the trial court advocates for a plea agreement, the trial court's advocacy can give the court "a personal stake" in the agreement. Appellant suggests that by interfering, the trial court became biased and could not be neutral and detached in assessing punishment. Appellant also asserts a trial court's interference in plea negotiations is coercive.

We presume, without deciding, appellant's argument is preserved for appellate review. Plea bargains are a crucial aspect of the Texas justice system and it is improper for a trial judge to participate or become otherwise involved in the process by which plea bargains are formed. *See Moore v. State*, 295 S.W.3d 329, 331—32

(Tex. Crim. App. 2009); *Ex parte Shuflin*, 528 S.W.2d 610, 617 (Tex. Crim. App. 1975). Plea bargaining is

> the process where a defendant who is accused of a particular criminal offense, and his attorney, if he has one, and the prosecutor enter into an agreement which provides that the trial on that particular charge not occur or that it will be disposed of pursuant to the agreement between the parties, subject to the approval of the trial judge.

*Perkins v. Court of Appeals for Third Supreme Judicial Dist. of Tex.*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987).

The record reveals that before appellant pled "guilty," the trial court questioned appellant regarding plea negotiations:

> [The Court]: Did I understand there is no plea bargain?
>
> [Appellant's counsel]: That's correct, Your Honor.
>
> [The Court]: I do recall there was some discussion about whether or not the State might make him an offer on robbery. Did they ever do that?
>
> [Appellant's counsel]: We talked about it, Your Honor, but, as I explained to the prosecution earlier, is that based on the facts and the nature and his involvement, I thought deferred would have been most appropriate thing to do. And so --
>
> [The Court]: Right. I just want the record to reflect that he turned that down. Did he turn that down?
>
> [Appellant's counsel]: He did. Yes, Your Honor.
>
> [The Court]: Is that right, they offered you something on robbery? Did you give him a number of years on robbery? Did you get that --
>
> [Appellant's counsel]: Two years, Your Honor.
>
> [The Court]: Two years?
>
> [Appellant's counsel]: Did I misrepresent?
>
> [Prosecutor]: No, I believe it was -- I believe when you talked with the chief, the discussion was two years.
>
> [The Court]: Ok[ay]. On a reduced charge of robbery. Am I correct in thinking you do not want that? Is that right? I just want the record to

reflect that. Is that right?

[Appellant]: Yes, ma'am.

[The Court]: Ok[ay]. There is no plea bargain.

Appellant argues that the trial court's specific questions regarding the length of time the State offered as a recommended sentence constituted interference in plea negotiations. The record reveals that at the time of the trial court's questioning, plea negotiations already had ended and appellant already had rejected the plea bargain. The trial court did not suggest that appellant should reconsider his rejection and attempt to engage the State in further plea negotiations. Rather, the trial court simply clarified for the record that appellant was aware of the specifics of the plea bargain offered by the State and that he had turned it down. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West, Westlaw through 2013 3d C.S.) (requiring trial-court inquiry into the existence of a plea bargain agreement before accepting a "guilty" plea). The trial court explained that the purpose of the query was to ensure the record reflected appellant understood the consequences of pleading "guilty" without a plea bargain.

The record shows that the trial court was not involved in plea negotiations and, therefore, did not develop any sort of personal stake in the negotiations that would affect the trial court's impartiality. *See Garcia v. State*, 75 S.W.3d 493, 499 (Tex. App.—San Antonio 2002, pet. ref'd) (noting that lengthy admonishments by the trial court do not mean that the trial court is involved in plea negotiations). The trial court did not interfere in plea negotiations. *See Perkins*, 738 S.W.2d at 282; *Garcia*, 75 S.W.3d at 499. Because the trial court did not interfere in plea negotiations, appellant's arguments are without merit. *See id.* Accordingly, appellant's first issue is overruled.

## B. Comprehensive Rehabilitation Fee

Section 133.102 of the Texas Local Government Code governs consolidated fees on conviction. *See* Tex. Loc. Gov't Code Ann. § 133.102 (West, Westlaw

4

through 2013 3d C.S.). In his second issue, appellant asserts the court costs assessed under this statute violate the Texas Constitution. The bill of costs was issued the same day as the judgment. Appellant did not challenge the assessment of costs in the trial court through a motion for new trial or any other vehicle.

On appeal, appellant asserts section 133.102 violates the Texas Constitution because it authorizes the trial court to collect, as court costs, money that is used for comprehensive rehabilitation. *Id.* § 133.012 (e)(6). Appellant argues that using court costs to fund rehabilitation efforts violates the separation of powers because it requires the courts to collect funds that are unrelated to court functions. *See* Tex. Const. art. II, § 1 (West, Westlaw through 2013 3d C.S.). Appellant asserts rehabilitation is within the province of the executive branch.

To prevail on appeal, appellant was required to preserve error in the trial court on his facial challenge to the constitutionality of the statute, because his right to a facial challenge of the statute is a right that can be forfeited if it is not raised in the trial court. *See* Tex. R. App. P. 33.1(a); *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). To the extent appellant's issue can be construed as an as-applied challenge, appellant was similarly required to raise the challenge in the trial court. *See Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995). The requirement that appellant preserve error in the trial court on constitutional challenges applies to challenges brought under the Texas Constitution. *See Heidelberg v. State*, 144 S.W.3d 535, 537–38 (Tex. Crim. App. 2004); *Curry*, 910 S.W.2d at 496.

Appellant relies on the Court of Criminal Appeals's holdings in *Johnson v. State* and *Cardenas v. State* in asserting he was not required to preserve error in the trial court regarding his constitutional challenge to the court costs assessed against him. *See Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014); *Cardenas v. State*, 423 S.W.3d 396 (Tex. Crim. App. 2014). In *Johnson* and *Cardenas*, the Court of Criminal Appeals addressed instances in which defendants sought review of court

5

costs assessed against them after the judgment of conviction was entered on the grounds that the record did not support any basis for imposing court costs against the defendants. *See Johnson*, 423 S.W.3d at 388; *Cardenas*, 423 S.W.3d at 398. Noting that the review was similar to a legal-sufficiency review, and that most defendants would not have an opportunity to object to baseless court costs in the trial court, the Court of Criminal Appeals held in *Johnson* that Johnson was not required to object at trial to raise a claim challenging the bases of assessed costs on appeal. *See Johnson*, 423 S.W.3d at 390–91. In *Cardenas*, the Court of Criminal Appeals rejected Cardenas's argument that supplementing the clerk's record with a bill of costs violated his right to due process of law, in part, because Cardenas was able to challenge the basis of the costs for the first time on appeal. *Cardenas*, 423 S.W.3d at 399. In neither of these cases does the high court hold that a defendant who had an opportunity to present a challenge to the constitutionality of a statute imposing court costs in the trial court may raise his constitutional challenge for the first time on appeal. Because neither *Johnson* nor *Cardenas* provides appellant with an exception to the requirement that he preserve his facial constitutional challenge in the trial court, we conclude that appellant failed to preserve error for appellate review. *See Karenev*, 281 S.W.3d at 434; *Heidelberg*, 144 S.W.3d at 537–38; *Curry*, 910 S.W.2d at 496. And, because appellant failed to preserve error, his second issue is overruled.

**Errors in the Judgment**

In his third issue, appellant asserts that the judgment contains two errors. The State concedes both errors.

### 1. Level of Offense

Appellant pled "guilty" to aggravated robbery with the use or exhibition of a deadly weapon, a first-degree felony. *See* Tex. Penal Code Ann. § 29.03 (West, Westlaw through 2013 3d C.S.). The admonishments appellant signed in conjunction with his "guilty" plea reflect that the offense is a first-degree felony. The judgment

reflects appellant was convicted of the offense of aggravated robbery with a deadly weapon, but it lists the degree of the offense as a state-jail felony. Appellant requests that we reform the judgment to reflect conviction for a first-degree felony rather than a state-jail felony. The State agrees that we should grant this relief.

The trial court erred in rendering judgment against appellant for a state-jail felony. We therefore modify the judgment to reflect appellant's conviction for a first-degree felony. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Musgrove v. State*, 425 S.W.3d 601, 612 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (modifying judgment to reflect correct offense level).

## 2. Right to Appeal

Appellant asserts that the trial court erred in its written judgment by stating that he had no right to appeal. The written judgment says appellant was convicted pursuant to a plea bargain and has no right to appeal. At the hearing on appellant's guilty plea, however, the trial court stated that because there was no plea bargain, appellant had the right to appeal. The record reflects there was no plea bargain in this case.

A defendant's sentence must be pronounced orally in his presence. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The judgment, including the sentence assessed, is the written declaration and embodiment of that oral pronouncement. *Id.* When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Id.* Similarly, if the trial court's oral pronouncement of whether a defendant has the right to appeal conflicts with its written judgment, the oral pronouncement controls. *Grice v. State*, 162 S.W.3d 641, 644–45 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

The trial court's special finding that appellant does not have the right to appeal conflicts with the judge's oral pronouncement that appellant had the right to appeal.

Because the oral pronouncement is inconsistent with the written judgment, we modify the written judgment to reflect the oral pronouncement that appellant has the right to appeal. *See id*.

## III. CONCLUSION

Appellant does not prevail on his first issue. The trial court did not violate appellant's right to a neutral judge by its actions in connection with the plea negotiations because the trial court did not interfere in the negotiations. Nor does appellant prevail on the constitutional challenge presented in his second issue. Appellant did not preserve error in the trial court on his claim that section 133.102 violates the Texas Constitution. Appellant, however, is entitled to relief on his third issue because the judgment contains errors. The judgment incorrectly reflects appellant was convicted of a state-jail felony and that appellant has no right of appeal. We modify the judgment to reflect appellant's conviction for a first-degree felony and to reflect appellant's right to appeal. We affirm the trial court's judgment as modified.


/s/    Kem Thompson Frost
       Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Publish — TEX. R. APP. P. 47.2(b).