PD-1254-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/26/2015 8:57:09 AM
Accepted 10/27/2015 4:21:19 PM
ABEL ACOSTA
CLERK

**PD 1254-15**

## IN THE COURT OF CRIMINAL APPEALS

## OF TEXAS

_____

**WILLIAM JOHNSON,**
*Appellant*,

**v.**

**THE STATE OF TEXAS,**
*Appellee*.

_____

On Petition for Discretionary Review from the
First Court of Appeals in No, 14–14–00475–CR
affirming the conviction in cause number 1395867,
From the 184th District Court of Harris County, Texas

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

ORAL ARGUMENT NOT REQUESTED

FILED IN
COURT OF CRIMINAL APPEALS

October 27, 2015

ABEL ACOSTA, CLERK

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**JANI MASELLI WOOD**
Assistant Public Defender
Harris County, Texas
TBN. 00791195
1201 Franklin Street, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
Counsel for Appellant
October 26, 2015

## IDENTITY OF PARTIES AND COUNSEL

Appellant:                          William Johnson
                                    SPN#02689555
                                    Harris County Jail
                                    701 North San Jacinto
                                    Houston, TX 77002

Trial Prosecutor:                   Mr. Anthony Robinson
                                    Assistant District Attorney
                                    Harris County, Texas
                                    1201 Franklin, 6th Floor
                                    Houston, Texas 77002

Defense Counsel at Trial:           Mr. Walter Miller
                                    1018 Preston, 5th Floor
                                    Houston, Texas 77002

Presiding Judge:                    Hon. Jan Krocker, Presiding Judge
                                    184th District Court
                                    Harris County, Texas
                                    1201 Franklin, 17th floor
                                    Houston, Texas 77002

Defense Counsel on Appeal:          Jani Maselli Wood
                                    Assistant Public Defender
                                    Harris County, Texas
                                    1201 Franklin, 13th Floor
                                    Houston, Texas 77002

## Table of Contents

Identity of Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statement of Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Ground for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
  The Court of Appeals determined that the constitutional challenge to
  the comprehensive rehabilitation court cost  could not be raised for the
  first time on appeal.  The basis for the challenge was not available to Mr.
  Johnson until 27 days after the judgment was signed.  Did the Court of
  Appeals err in refusing to consider a challenge that was only available
  post-trial, in derogation of *Landers v. State*?. . . . . . . . . . . . . . . . . . . . . . . . . 5

Reasons for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
  The Court of Appeals held error was waived. . . . . . . . . . . . . . . . . . . . . . . . 7
  The error was preserved based upon precedent from this Court.. . . . . . . . . 7
  No objection was necessary in the trial court.. . . . . . . . . . . . . . . . . . . . . . . 8

Prayer for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Appendix . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

INDEX OF AUTHORITIES

PAGE

**Cases**:

*Cardenas v. State*,
     423 S.W.3d 396 (Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Johnson v. State*,
     14-14-00475-CR, 2015 WL 5025653
     (Tex. App.—Houston [14th Dist.] Aug. 25, 2015, no. pet. h.). . . . . . . passim

*Johnson v. State*,
     423 S.W.3d 385 (Tex. Crim. App. 2014).. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Landers v. State*,
     402 S.W.3d 252 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

**Statutes and Rules**:

TEX. HUM. RES. CODE ANN. § 115.001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. LOC. GOV'T CODE ANN. § 133.102(e)(6). . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. R. APP. P. 66.3(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

STATEMENT OF THE CASE

This is an appeal from a conviction for aggravated robbery - deadly weapon. (C.R. at 38). Mr. Johnson pleaded guilty and went to the court for punishment with a presentence report. (C.R. at 24-25). After the report and testimony was presented, Mr. Johnson was sentenced to eight years confinement in the Texas Department of Criminal Justice - Institutional Division. (C.R. at 38).

STATEMENT OF THE PROCEDURAL HISTORY

In a published opinion, the Fourteenth Court of Appeals affirmed Mr. Johnson's conviction. *Johnson v. State*, 14-14-00475-CR, 2015 WL 5025653 (Tex. App.—Houston [14th Dist.] Aug. 25, 2015, no. pet. h.). No motion for rehearing was filed. After an extension of time, this petition is timely if filed on or before October 26, 2015.

GROUND FOR REVIEW

The Court of Appeals determined that the constitutional challenge to the comprehensive rehabilitation court cost could not be raised for the first time on appeal. The basis for the challenge was not available to Mr. Johnson until 27 days after the judgment was signed. Did the Court of Appeals err in refusing to consider a challenge that was only available post-trial, in derogation of *Landers v. State*?

REASONS FOR REVIEW

This exact issue has been granted in *London v. State*, PD 0480-15.

The First Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States. TEX. R. APP. P. 66.3(c).

STATEMENT OF FACTS RELATIVE TO GROUND RAISED

Mr. Johnson was assessed the consolidated court cost which includes subsection 6 - funds for comprehensive rehabilitation. Mr. Johnson challenged the fee as an unconstitutional tax violating the separation of powers. *Johnson*, 2015 WL 5025653, at *2 (explaining that this was challenged on appeal but "Appellant did not challenge the assessment of costs in the trial court through a motion for new trial or any other vehicle.").

*Comprehensive Rehabilitation*

Within the consolidated court cost is a the "comprehensive rehabilitation" cost with 9.8218 percent of the $133 cost going for this "court cost." TEX. LOC. GOV'T CODE ANN. § 133.102(e)(6). After the cost to the county, the amount is about $11.75. Money directed to this program is used to provide rehabilitation services to eligible individuals. *See* TEX. HUM. RES. CODE ANN. § 115.001. The money is spent at the direction of the Department of Assistive and Rehabilitative Services *Id.*

-6-

ARGUMENT

**The Court of Appeals held error was waived**.

The Court of Appeals refused to consider the issue because the constitutionality had not presented it first in the trial court:

> The requirement that appellant preserve error in the trial court on constitutional challenges applies to challenges brought under the Texas Constitution. *See Heidelberg v. State*, 144 S.W.3d 535, 537–38 (Tex.Crim.App.2004); *Curry*, 910 S.W.2d at 496.

*Johnson*, 2015 WL 5025653, at *3.

**The error was preserved based upon precedent from this Court**.

This Court explained that challenges to court costs can be raised for the first time on appeal and "[c]onvicted defendants have constructive notice of mandatory court costs set by statute and the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure." *Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014). In a companion case decided the same day, *Johnson v. State*, the Court further explained that because the cost bill is most likely unavailable at the time of the judgment, an "Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal." *Johnson v. State*, 423 S.W.3d 385, 391 (Tex. Crim. App. 2014).

The Court of Appeals held that *neither* of those cases allowed for a constitutional challenge on appeal:

> Because neither *Johnson* nor *Cardenas* provides appellant with an exception to the requirement that he preserve his facial constitutional challenge in the trial court, we conclude that appellant failed to preserve error for appellate review. *See Karenev*, 281 S.W.3d at 434; Heidelberg, 144 S.W.3d at 537–38; *Curry*, 910 S.W.2d at 496. And, because appellant failed to preserve error, his second issue is overruled.

*Johnson*, 2015 WL 5025653, at *3.

**No objection was necessary in the trial court**.

This case is similar to *Landers v. State* where this Court explained that challenging the court cost for an attorney *pro tem* could be raised for the first time on appeal, holding:

> Since the fees were not imposed in open court and she was not required to file a motion for new trial, she has not forfeited the complaint on appeal.

*Landers v. State*, 402 S.W.3d 252, 255 (Tex. Crim. App. 2013). In *Landers*, the cost bill was available six days after the judgment and this Court explained:

> No notice of this document was given to the appellant or her attorney and no further proceedings were held. Consequently, the appellant was not given an opportunity to object to the imposition of these costs. Since she was not given the opportunity, the absence of an objection is not fatal to her appeal.

*Landers,* 402 S.W.3d at 255. This Court went on to declare that Landers was not required to object in a motion for new trial because there was no notice the cost bill

had ever been created and it would "allow a judge to de facto alter the statutory time frame for motions for new trial." *Landers*, 402 S.W.3d at 255.

The cost bill in these cases was created on June 11, 2014. The judgment was entered on May 15, 2014. Almost four weeks had passed. This Court has held that Mr. Johnson was not required to file a motion for new trial in order to preserve his challenge. The Court of Appeals erred in determining this issue was unpreserved.

PRAYER FOR RELIEF

For the reasons states above, Mr. Johnson prays that this Court grant his petition for discretionary review.

Respectfully submitted,
**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

*Jani Maselli Wood*

_____
JANI J. MASELLI WOOD
Assistant Public Defender
Harris County, Texas
Jani.Maselli@pdo.hctx.net
TBN. 00791195
1201 Franklin Street, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

Attorney for Appellant
William Johnson

CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. Proc. 9.5, this certifies that on October 26, 2015, a copy of the foregoing was emailed to Lisa McMinn, State Prosecuting Attorney, and the Harris County District Attorney's Office through texfile.com at the following address:

Melissa Hervey
Assistant District Attorney
1201 Franklin Street, 6th Floor
Houston, TX 77002
Hervey_Melissa@dao.hctx.net

Lisa McMinn
Lisa.McMinn@SPA.texas.gov

*Jani Maselli Wood*

_____
JANI J. MASELLI WOOD

## CERTIFICATE OF COMPLIANCE

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this petition complies with the type-volume limitations of TEX. R. APP. PROC. 9.4(I)(2)(D).

1.      Exclusive of the portions exempted by TEX. R. APP. PROC. 9.4 (I)(1), this petition contains 1007 words printed in a proportionally spaced typeface.

2.      This petition is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 14 point font in footnotes produced by Corel WordPerfect software.

3.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

*Jani Maselli Wood*

_____

JANI J. MASELLI WOOD

**Appendix A**
Opinion *Johnson v. State*

2015 WL 5025653
Only the Westlaw citation is currently available.

NOTICE: THIS OPINION HAS NOT BEEN RELEASED
FOR PUBLICATION IN THE PERMANENT LAW
REPORTS. UNTIL RELEASED, IT IS SUBJECT TO
REVISION OR WITHDRAWAL.

Court of Appeals of Texas,
Houston (14th Dist.).

William Johnson, Appellant
v.
The State of Texas, Appellee
NO. 14–14–00475–CR | Opinion filed August 25,
2015

Synopsis
Background: Defendant was convicted on guilty plea in the
184th District Court Harris County, of aggravated robbery
with deadly weapon. Defendant appealed.

Holdings: The Court of Appeals, Kem Thompson Frost, C.J.,
held that:

[1] trial court did not interfere with plea negotiations;

[2] aggravated robbery with use or exhibition of deadly
weapon was first-degree felony, not state-jail felony; and

[3] oral pronouncement at plea hearing that guilty plea was
not pursuant to plea bargain, and therefore, that defendant had
right to appeal, controlled over written judgment stating that
defendant was convicted pursuant to plea bargain and that he
had no right to appeal.

Affirmed as modified.

West Headnotes (12)

[1]     Criminal Law
        🔑    Representations, promises, or coercion;  plea
        bargaining

Trial court's questions to defense counsel directed
at whether State had made offer on charge for
robbery and clarification for record that offer had
not been accepted, before accepting defendant's
guilty plea, did not constitute interference with
plea negotiations; plea negotiations had already
ended, and defendant had already rejected offer,
and trial court made no comment suggesting that
defendant should reconsider or that State should
engage in further negotiations. Tex. Crim. Proc.
Code Ann. art. 26.13(a)(2).

Cases that cite this headnote

[2]     Criminal Law
        🔑    Representations, promises, or coercion;  plea
        bargaining

Plea bargains are a crucial aspect of the Texas
justice system, and it is improper for a trial judge
to participate or become otherwise involved in the
process by which plea bargains are formed.

Cases that cite this headnote

[3]     Criminal Law
        🔑    Representations, promises, or coercion;  plea
        bargaining

Plea bargaining is the process where a defendant
who is accused of a particular criminal offense,
and his attorney, if he has one, and the prosecutor
enter into an agreement which provides that the
trial on that particular charge not occur or that it
will be disposed of pursuant to the agreement
between the parties, subject to the approval of the
trial judge.

Cases that cite this headnote

[4]     Criminal Law
        🔑    Costs

Defendant failed to preserve for review on direct appeal claim that statutory comprehensive rehabilitation fee assessed as part of sentence for aggravated robbery with deadly weapon violated separation of powers because fee statute required courts to collect funds that were unrelated to court functions and rehabilitation was within province of executive branch, where he did not raise claim at trial. Tex. Const. art. 2, § 1; Tex. Loc. Gov't Code Ann. § 133.102; Tex. R. App. P. 33.1(a).

Cases that cite this headnote

[5]    Criminal Law
       👉   Constitutional questions

An appellant is required to preserve error in the trial court on a facial or as-applied challenge to the constitutionality of the statute, because his right to a constitutional challenge of the statute is a right that can be forfeited if it is not raised in the trial court. Tex. R. App. P. 33.1(a).

Cases that cite this headnote

[6]    Criminal Law
       👉   Constitutional questions

The requirement that appellant preserve error in the trial court on constitutional challenges applies to challenges brought under the Texas Constitution. Tex. R. App. P. 33.1(a).

Cases that cite this headnote

[7]    Robbery
       👉   Degrees;  armed robbery

Aggravated robbery with use or exhibition of deadly weapon was first-degree felony, not state-jail felony. Tex. Penal Code Ann. § 29.03.

Cases that cite this headnote

[8]    Criminal Law
       👉   Contradiction of, or conflict in, record
       Criminal Law
       👉   Plea of Guilty or Nolo Contendere

Oral pronouncement at hearing on guilty plea to aggravated robbery with deadly weapon that plea was not pursuant to plea bargain, and therefore, that defendant had right to appeal, controlled over written judgment of sentence stating that defendant was convicted pursuant to plea bargain and that he had no right to appeal.

Cases that cite this headnote

[9]    Sentencing and Punishment
       👉   Presence of Defendant
       Sentencing and Punishment
       👉   Necessity of writing

A defendant's sentence must be pronounced orally in his presence.

Cases that cite this headnote

[10]   Criminal Law
       👉   Requisites and Sufficiency of Judgment
       Sentencing and Punishment
       👉   Necessity of writing

The judgment, including the sentence assessed, is the written declaration and embodiment of the oral pronouncement of sentence.

Cases that cite this headnote

[11]   Sentencing and Punishment
       👉   Oral and written pronouncements

When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls.

Cases that cite this headnote

[12]   Criminal Law
       👉   Contradiction of, or conflict in, record

If the trial court's oral pronouncement of whether a defendant has the right to appeal conflicts with its written judgment, the oral pronouncement controls.

Cases that cite this headnote

On Appeal from the 184th District Court Harris County, Texas, Trial Court Cause No. 1395867

Attorneys and Law Firms

Devon Anderson, Melissa Hervey, for The State of Texas.

Jani J. Maselli Wood, for William Johnson.
Panel consists of Chief Justice Frost and Justices Boyce and McCally.

OPINION

Kem Thompson Frost, Chief Justice

*1 Appellant William Johnson challenges his conviction for aggravated robbery with a deadly weapon and the trial court's assessment of court costs against him. Appellant asserts the trial court violated his right to a neutral judge by questioning him about the plea offer he rejected. Appellant also challenges Texas Local Government Code section 133.102 as violating the Texas Constitution. And, both the State and appellant claim the judgment contains errors. We modify the judgment to correct errors, but we overrule appellant's other issues and affirm the judgment as modified.

I. Factual and Procedural Background

After being charged with aggravated robbery using or exhibiting a deadly weapon, appellant pleaded "guilty" without any agreed recommendation. Before appellant entered his plea, the trial court questioned him regarding his competency and asked if he understood the impact of his action. In particular, the trial court queried whether appellant understood the plea bargain offered by the State and the potential range of punishment the trial court could impose. The trial court stated it would determine the sentence after reviewing a pre-sentence investigation report considering evidence. After articulating an understanding of the consequences of his plea, appellant pleaded "guilty," and the

trial court accepted the plea. The trial court later sentenced appellant to eight years' confinement and assessed court costs.

II. Analysis

A. Alleged Interference in Plea Negotiations

[1]Appellant asserts the trial court violated his right to have his punishment assessed by an impartial judge because the trial court became biased through interference in plea negotiations. According to appellant, the interference caused the trial court to become an advocate for the plea agreement. Appellant argues that if the trial court advocates for a plea agreement, the trial court's advocacy can give the court "a personal stake" in the agreement. Appellant suggests that by interfering, the trial court became biased and could not be neutral and detached in assessing punishment. Appellant also asserts a trial court's interference in plea negotiations is coercive.

[2] [3]We presume, without deciding, appellant's argument is preserved for appellate review. Plea bargains are a crucial aspect of the Texas justice system and it is improper for a trial judge to participate or become otherwise involved in the process by which plea bargains are formed. *See Moore v. State,* 295 S.W.3d 329, 331—32 (Tex.Crim.App.2009); *Ex parte Shuflin,* 528 S.W.2d 610, 617 (Tex.Crim.App.1975). Plea bargaining is

> the process where a defendant who is accused of a particular criminal offense, and his attorney, if he has one, and the prosecutor enter into an agreement which provides that the trial on that particular charge not occur or that it will be disposed of pursuant to the agreement between the parties, subject to the approval of the trial judge.

*Perkins v. Court of Appeals for Third Supreme Judicial Dist. of Tex.,* 738 S.W.2d 276, 282 (Tex.Crim.App.1987).

*2 The record reveals that before appellant pled "guilty," the trial court questioned appellant regarding plea negotiations:

[The Court]: Did I understand there is no plea bargain?

[Appellant's counsel]: That's correct, Your Honor.

[The Court]: I do recall there was some discussion about whether or not the State might make him an offer on robbery. Did they ever do that?

[Appellant's counsel]: We talked about it, Your Honor, but, as I explained to the prosecution earlier, is that based on the facts and the nature and his involvement, I thought deferred would have been most appropriate thing to do. And so—

[The Court]: Right. I just want the record to reflect that he turned that down. Did he turn that down?

[Appellant's counsel]: He did. Yes, Your Honor.

[The Court]: Is that right, they offered you something on robbery? Did you give him a number of years on robbery? Did you get that—

[Appellant's counsel]: Two years, Your Honor.

[The Court]: Two years?

[Appellant's counsel]: Did I misrepresent?

[Prosecutor]: No, I believe it was—I believe when you talked with the chief, the discussion was two years.

[The Court]: Ok[ay]. On a reduced charge of robbery. Am I correct in thinking you do not want that? Is that right? I just want the record to reflect that. Is that right?

[Appellant]: Yes, ma'am.

[The Court]: Ok[ay]. There is no plea bargain.

Appellant argues that the trial court's specific questions regarding the length of time the State offered as a recommended sentence constituted interference in plea negotiations. The record reveals that at the time of the trial court's questioning, plea negotiations already had ended and appellant already had rejected the plea bargain. The trial court did not suggest that appellant should reconsider his rejection and attempt to engage the State in further plea negotiations. Rather, the trial court simply clarified for the record that appellant was aware of the specifics of the plea bargain offered by the State and that he had turned it down. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West, Westlaw through 2013 3d C.S.) (requiring trial-court inquiry into the

existence of a plea bargain agreement before accepting a "guilty" plea). The trial court explained that the purpose of the query was to ensure the record reflected appellant understood the consequences of pleading "guilty" without a plea bargain.

The record shows that the trial court was not involved in plea negotiations and, therefore, did not develop any sort of personal stake in the negotiations that would affect the trial court's impartiality. *See Garcia v. State,* 75 S.W.3d 493, 499 (Tex.App.—San Antonio 2002, pet. ref'd) (noting that lengthy admonishments by the trial court do not mean that the trial court is involved in plea negotiations). The trial court did not interfere in plea negotiations. *See Perkins,* 738 S.W.2d at 282; *Garcia,* 75 S.W.3d at 499. Because the trial court did not interfere in plea negotiations, appellant's arguments are without merit. *See id.* Accordingly, appellant's first issue is overruled.

### B. Comprehensive Rehabilitation Fee

[4]Section 133.102 of the Texas Local Government Code governs consolidated fees on conviction. *See* Tex. Loc. Gov't Code Ann. § 133.102 (West, Westlaw through 2013 3d C.S.). In his second issue, appellant asserts the court costs assessed under this statute violate the Texas Constitution. The bill of costs was issued the same day as the judgment. Appellant did not challenge the assessment of costs in the trial court through a motion for new trial or any other vehicle.

*3 On appeal, appellant asserts section 133.102 violates the Texas Constitution because it authorizes the trial court to collect, as court costs, money that is used for comprehensive rehabilitation. *Id.* § 133.012(e)(6). Appellant argues that using court costs to fund rehabilitation efforts violates the separation of powers because it requires the courts to collect funds that are unrelated to court functions. *See* Tex. Const. art. II, § 1 (West, Westlaw through 2013 3d C.S.). Appellant asserts rehabilitation is within the province of the executive branch.

[5] [6]To prevail on appeal, appellant was required to preserve error in the trial court on his facial challenge to the constitutionality of the statute, because his right to a facial challenge of the statute is a right that can be forfeited if it is not raised in the trial court. *See* Tex. R. App. P. 33.1(a); *Karenev v. State,* 281 S.W.3d 428, 434 (Tex.Crim.App.2009). To the extent appellant's issue can be construed as an as-applied challenge, appellant was similarly required to raise the challenge in the trial court. *See*

*Curry v. State,* 910 S.W.2d 490, 496 (Tex.Crim.App.1995). The requirement that appellant preserve error in the trial court on constitutional challenges applies to challenges brought under the Texas Constitution. *See Heidelberg v. State,* 144 S.W.3d 535, 537–38 (Tex.Crim.App.2004); *Curry,* 910 S.W.2d at 496.

Appellant relies on the Court of Criminal Appeals's holdings in *Johnson v. State* and *Cardenas v. State* in asserting he was not required to preserve error in the trial court regarding his constitutional challenge to the court costs assessed against him. *See Johnson v. State,* 423 S.W.3d 385 (Tex.Crim.App.2014); *Cardenas v. State,* 423 S.W.3d 396 (Tex.Crim.App.2014). In *Johnson* and *Cardenas,* the Court of Criminal Appeals addressed instances in which defendants sought review of court costs assessed against them after the judgment of conviction was entered on the grounds that the record did not support any basis for imposing court costs against the defendants. *See Johnson,* 423 S.W.3d at 388; *Cardenas,* 423 S.W.3d at 398. Noting that the review was similar to a legal-sufficiency review, and that most defendants would not have an opportunity to object to baseless court costs in the trial court, the Court of Criminal Appeals held in *Johnson* that Johnson was not required to object at trial to raise a claim challenging the bases of assessed costs on appeal. *See Johnson,* 423 S.W.3d at 390–91. In *Cardenas,* the Court of Criminal Appeals rejected Cardenas's argument that supplementing the clerk's record with a bill of costs violated his right to due process of law, in part, because Cardenas was able to challenge the basis of the costs for the first time on appeal. *Cardenas,* 423 S.W.3d at 399. In neither of these cases does the high court hold that a defendant who had an opportunity to present a challenge to the constitutionality of a statute imposing court costs in the trial court may raise his constitutional challenge for the first time on appeal. Because neither *Johnson* nor *Cardenas* provides appellant with an exception to the requirement that he preserve his facial constitutional challenge in the trial court, we conclude that appellant failed to preserve error for appellate review. *See Karenev,* 281 S.W.3d at 434; *Heidelberg,* 144 S.W.3d at 537–38; *Curry,* 910 S.W.2d at 496. And, because appellant failed to preserve error, his second issue is overruled.

Errors in the Judgment

In his third issue, appellant asserts that the judgment contains two errors. The State concedes both errors.

1. Level of Offense

*4 [7]Appellant pled "guilty" to aggravated robbery with the use or exhibition of a deadly weapon, a first-degree felony. *See* Tex. Penal Code Ann. § 29.03 (West, Westlaw through 2013 3d C.S.). The admonishments appellant signed in conjunction with his "guilty" plea reflect that the offense is a first-degree felony. The judgment reflects appellant was convicted of the offense of aggravated robbery with a deadly weapon, but it lists the degree of the offense as a state-jail felony. Appellant requests that we reform the judgment to reflect conviction for a first-degree felony rather than a state-jail felony. The State agrees that we should grant this relief.

The trial court erred in rendering judgment against appellant for a state-jail felony. We therefore modify the judgment to reflect appellant's conviction for a first-degree felony. *See French v. State,* 830 S.W.2d 607, 609 (Tex.Crim.App.1992); *Musgrove v. State,* 425 S.W.3d 601, 612 (Tex.App.—Houston [14th Dist.] 2014, pet. ref'd) (modifying judgment to reflect correct offense level).

2. Right to Appeal

[8]Appellant asserts that the trial court erred in its written judgment by stating that he had no right to appeal. The written judgment says appellant was convicted pursuant to a plea bargain and has no right to appeal. At the hearing on appellant's guilty plea, however, the trial court stated that because there was no plea bargain, appellant had the right to appeal. The record reflects there was no plea bargain in this case.

[9] [10] [11] [12]A defendant's sentence must be pronounced orally in his presence. *Taylor v. State,* 131 S.W.3d 497, 500 (Tex.Crim.App.2004). The judgment, including the sentence assessed, is the written declaration and embodiment of that oral pronouncement. *Id.* When there is a conflict between

the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Id.* Similarly, if the trial court's oral pronouncement of whether a defendant has the right to appeal conflicts with its written judgment, the oral pronouncement controls. *Grice v. State,* 162 S.W.3d 641, 644–45 (Tex.App.—Houston [14th Dist.] 2005, pet. ref'd).

The trial court's special finding that appellant does not have the right to appeal conflicts with the judge's oral pronouncement that appellant had the right to appeal. Because the oral pronouncement is inconsistent with the written judgment, we modify the written judgment to reflect the oral pronouncement that appellant has the right to appeal. *See id.*

### III. Conclusion

Appellant does not prevail on his first issue. The trial court did not violate appellant's right to a neutral judge by its actions in connection with the plea negotiations because the trial court did not interfere in the negotiations. Nor does appellant prevail on the constitutional challenge presented in his second issue. Appellant did not preserve error in the trial court on his claim that section 133.102 violates the Texas Constitution. Appellant, however, is entitled to relief on his third issue because the judgment contains errors. The judgment incorrectly reflects appellant was convicted of a state-jail felony and that appellant has no right of appeal. We modify the judgment to reflect appellant's conviction for a first-degree felony and to reflect appellant's right to appeal. We affirm the trial court's judgment as modified.

All Citations

--- S.W.3d ----, 2015 WL 5025653

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.