

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00385-CR
### NO. 02-15-00386-CR

WILLIE LEE AMIE, JR.                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NOS. 1394034D, 1411402D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Willie Lee Amie Jr. appeals from his convictions for robbery and concurrent fifteen-year sentences. Because we conclude Amie did not preserve for our review the issue he raises on appeal, we affirm the trial court's judgments.

Without the benefit of a plea-bargain agreement, Amie pleaded guilty to a jury to two separate robberies. The jury found Amie guilty of the robberies and

---

[1]See Tex. R. App. P. 47.4.

assessed his punishment at two concurrent fifteen-year sentences. The trial court entered judgments in accordance with the jury's verdict and assessed as a court cost in each conviction $133 for "CCC-Felony." As Amie recognizes, this assessment was a consolidated fee, imposed as a court cost, required by statute "on conviction of a felony." Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (West Supp. 2015). Amie argues on appeal that this mandatory, statutory cost is facially unconstitutional as a violation of the separation of powers clause in the Texas Constitution because the programs funded by this assessment do not relate to a specific defendant's actual court costs, making trial courts "tax gatherers." *See* Tex. Const. art. II, § 1.

Amie did not present this constitutional argument to the trial court. As such, he has not preserved this complaint for our review.[2] *See Waddell v. State*, No. 02-14-00372-CR, 2015 WL 7820272, at *1–2 (Tex. App.—Fort Worth Dec. 3, 2015, pet. filed) (mem. op., not designated for publication); *Davis*, 2015 WL 5770516, at *4; *Guerrero v. State*, Nos. 01-13-00821-CR, 01-13-00822-CR, 2015 WL 2266247, at *4 (Tex. App.—Houston [1st Dist.] May 14, 2015, pet.

---

[2]Amie argues that preservation is not required because the section 133.102 consolidated fees are equivalent to the imposition of court costs upon the revocation of community supervision, which may be raised for the first time on appeal. *See Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014). This argument has been rejected. *See Davis v. State*, No. 02-15-00163-CR, 2015 WL 5770516, at *3–4 (Tex. App.—Fort Worth Oct. 1, 2015, pet. filed) (mem. op., not designated for publication); *Johnson v. State*, 475 S.W.3d 430, 434–35 (Tex. App.—Houston [14th Dist.] 2015, pet. filed).

filed) (mem. op., not designated for publication). We overrule his issue and affirm the trial court's judgments.[3]

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 25, 2016

---

[3]Even if Amie had preserved any error for our review, the court of criminal appeals has decided this issue against Amie's position, which he recognizes in his brief. *See Peraza v. State*, 467 S.W.3d 508, 517–18 (Tex. Crim. App. 2015), *petition for cert. filed*, (U.S. Dec. 11, 2015) (No. 15-7367); *see also Penright v. State*, No. 01-12-00647-CR, 2015 WL 5770006, at *2–6 (Tex. App.—Houston [1st Dist.] Sept. 29, 2015, no pet.).