**Affirmed and Opinion filed August 16, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00688-CR

**DAMONTE BONDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

### On Appeal from the 337th District Court
### Harris County, Texas
### Trial Court Cause No. 1436427

## O P I N I O N

Appellant Damonte Bonds raises two court-costs issues in this appeal from his aggravated-robbery conviction. He asserts that (1) he was not provided a bill of court costs as required by Texas Code of Criminal Procedure article 103.001 and (2) assessing court costs under Texas Local Government Code section 133.102 violates the Texas Constitution and United States Constitution. We affirm.

## BACKGROUND

Appellant pleaded "guilty" to aggravated robbery with a deadly weapon and was convicted of that offense. The trial court sentenced him to seven years' confinement. Assessed court costs amounted to $259.00, including $13.06 to fund rehabilitation services. Appellant challenges the assessment of these court costs.

## BILL OF COSTS

In his first issue, appellant asserts that he was not provided a bill of costs as required by Code of Criminal Procedure article 103.001. Appellant requests that we enjoin the Texas Department of Criminal Justice from taking money from his inmate account until he is provided a bill of costs.

In 2015, the Legislature amended Code of Criminal Procedure article 103.001, entitled "Costs Payable," effective June 19, 2015, to read:

> (b) In a court other than a justice or municipal court, a cost is not payable by the person charged with the cost until a written bill containing the items of cost is:
>> (1) produced;
>> (2) signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost; and
>> (3) provided to the person charged with the cost.

Tex. Code Crim. Proc. Ann. art. 103.001 (West, Westlaw through 2015 R.S.). To resolve appellant's first issue, we must determine if appellant was provided with a bill of costs within the meaning of this statute.

Issues of statutory interpretation are questions of law that we review de novo. *See Williams v. State,* 253 S.W.3d 673, 677 (Tex. Crim. App. 2008). When interpreting statutory language, we focus on the "'collective' intent or purpose of the legislators who enacted the legislation." *Boykin v. State,* 818 S.W.2d 782, 785

2

(Tex. Crim. App. 1991). To determine the collective intent of the Legislature, we look first to the literal text. *Id.* The statutory language provides the best means to determine "the fair, objective meaning of that text at the time of its enactment." *Id.* We construe an unambiguous statute according to its plain meaning, unless such a construction would produce an "absurd result." *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011) (citing *Boykin,* 818 S.W.2d at 785–86).

Appellant asserts that the costs assessed against him are not payable because he was not provided with a written bill containing the items of costs, as required by article 103.001. Because the Code of Criminal Procedure does not define "provided," the word is "to be taken and understood in [its] usual acceptation in common language." Tex. Code Crim. Proc. Ann. art. 3.01 (West, Westlaw through 2015 R.S.). The verb "provide" means "make available for use; supply." New Oxford American Dictionary 1406 (3rd Ed. 2010). The word, as commonly used, means that if one is to be "provided" with something, one must have that thing supplied to him or at least made available to him. *See id.*

Appellant states in his appellate brief that "[a]n accompanying bill of costs, dated August 10, 2015, lists court costs as $259.00," and he cites page 65 of the clerk's record to support this statement. Appellant's statement shows that appellant has seen "a written bill containing the items of cost." *See* Tex. Crim. Proc. Code Ann. § art. 103.001. Article 103.001 does not identify a particular actor who must provide the bill of costs but specifies that the cost is not payable until the bill is provided. Because appellant has seen and examined the bill of costs, we conclude that the bill of costs was supplied to appellant or at least made available to him. Thus, appellant has been provided a bill of costs. *See id.*

Inasmuch as our record reflects that the bill of costs has been provided to appellant, we find no merit in his first issue. Without deciding whether the relief appellant seeks is proper, we overrule appellant's first issue.

### CONSTITUTIONAL CHALLENGES

In his second issue, appellant asserts Local Government Code section 133.102 violates the Texas Constitution and United States Constitution by authorizing the trial court to collect $133.00 as court costs, $13.06 of which is used for comprehensive rehabilitation. *See* Tex. Loc. Gov't Code Ann. § 133.102 (West, Westlaw through 2015 R.S.). Appellant argues that using court costs to fund rehabilitation efforts violates the Takings Clause of the Fifth Amendment to the United States Constitution and article I, section 17 of the Texas Constitution because his private property was taken for public use without just compensation. *See* U.S. Const. amend. V; Tex. Const. art. I, § 17. Appellant asserts rehabilitation is within the province of the executive branch.

To prevail on appeal, appellant was required to preserve error in the trial court on his challenges to the constitutionality of the statute under the United States Constitution and Texas Constitution. *See* Tex. R. App. P. 33.1(a); *Johnson v. State*, 475 S.W.3d 430, 434 (Tex. App.—Houston [14th Dist.] 2015, pet. filed). Appellant relies on the Court of Criminal Appeals's holdings in *Johnson v. State*, *Cardenas v. State*, and *Landers v. State* in arguing that he was not required to object in the trial court regarding his constitutional challenge to the court costs assessed against him to preserve his complaints for appellate review. *See Johnson v. State,* 423 S.W.3d 385 (Tex. Crim. App. 2014); *Cardenas v. State,* 423 S.W.3d 396 (Tex. Crim. App. 2014); *Landers v. State*, 402 S.W.3d 252 (Tex. Crim. App. 2013). But, as this court stated in *Johnson*, neither *Johnson* nor *Cardenas* holds "that a defendant who had an opportunity to present a challenge to the

4

constitutionality of a statute imposing court costs in the trial court may raise his constitutional challenge for the first time on appeal." *Johnson*, 475 S.W.3d at 435. Similarly, the defendant in *Landers* did not have an opportunity to object in the trial court, and the high court limited its holding to situations in which the defendant had no opportunity to object. *See Landers*, 402 S.W.3d at 255.

Appellant had an opportunity to object to the $13.06 of court costs allocated to funding rehabilitation. These court costs, established in section 133.102, are mandatory and convicted persons have "constructive notice" of mandatory court costs imposed by statute. *Johnson,* 423 S.W.3d at 389; *Cardenas,* 423 S.W.3d at 399. Because appellant had constructive notice of the court costs, appellant had an opportunity to object in the trial court. *See Johnson*, 475 S.W.3d at 435. Appellant was required to preserve error and by not voicing his complaints in the trial court, appellant failed to preserve error. *See id.* We overrule appellant's second issue.

## CONCLUSION

Appellant has been provided a bill of costs as required by Texas Code of Criminal Procedure article 103.001. Appellant did not preserve error in the trial court on his claim that Texas Local Government Code section 133.102 violates the Texas Constitution or United States Constitution. Having overruled both of appellant's issues, we affirm the trial court's judgment.


/s/     Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Wise.
Publish — TEX. R. APP. P. 47.2(b).

5